**1210**

Robert B. ALEXANDER, et al.,

v.

NATIONAL FARMERS
ORGANIZATION,
Appellant,

v.

ASSOCIATED MILK PRODUCERS, INC.,
Mid-America Dairymen, Associated Re-
serve Standby Pool Cooperative, Appel-
lees.

Wesley Johnson, Gary Hanman, Harold
S. Nelson and David Parr, Central Milk
Producers Cooperative, Appellee.

Robert B. ALEXANDER, et al.,

v.

NATIONAL FARMERS
ORGANIZATION,
Appellee,

v.

ASSOCIATED MILK PRODUCERS,
INC., Appellant.

Mid-America Dairymen; Associated Re-
serve Standby Pool Cooperative; Wes-
ley Johnson; Gary Hanman; Harold S.
Nelson; David Parr; Central Milk Pro-
ducers Cooperative.

Robert B. ALEXANDER, et al.,

v.

NATIONAL FARMERS
ORGANIZATION,
Appellee,

v.

ASSOCIATED MILK PRODUCERS,
INC.,

Mid-America Dairymen, Inc., Appellant.

Associated Reserve Standby Pool Cooper-
ative; Wesley Johnson; Gary Hanman;
Harold S. Nelson; David Parr; Central
Milk Producers Cooperative.

Nos. 81–1235 to 81–1237.

United States Court of Appeals,
Eighth Circuit.

Dec. 13, 1982.

See. also, D.C., 510 F.Supp. 381, 8 Cir., 687 F.2d 1173.

Before HEANEY and McMILLIAN, Circuit Judges, and BENSON,* Chief Judge.

## ORDER

Following our decision in *Alexander v. National Farmers Organization*, 687 F.2d 1173 (8th Cir.1982), the National Farmers Organization (NFO) moved this Court for an award of expenses on appeal, including attorneys' fees, court costs, and other miscellaneous costs.[1] We have reviewed NFO's motions, memoranda, and affidavits; the various defendants' memoranda in opposition to NFO's requests; and NFO's response to the defendants' objections. We make awards based on the reasoning below.

On the issue of attorneys' fees expended on appeal, NFO requests the following amounts to pay for services provided by the firm directing its appeal and other attorneys involved:

| FIRM/<br>ATTORNEY | TOTAL PHASE<br>II HOURS | TOTAL PHASE II HOURS<br>X PROPOSED BILLING<br>RATES |
|---|---|---|
| Akin, Gump,<br>Strauss, Hauer<br>& Feld | 2,348.70 | $230,010.00 |
| Marvin Beshore | 333.30 | 19,998.00 |
| Richard A. Green | 42.45 | 6,367.50 |
| TOTALS ...... | 2,724.45 | $256,375.50 |

NFO considers this total to be the basic, or "lodestar," fee to which it is entitled, representing a reasonable number of hours expended on appeal multiplied by a reasonable legal rate per hour. NFO further requests

that we enhance this award by fifty percent (applying a multiplier of 1.5 to the lodestar figure) in consideration of the difficulty of this appeal and the quality of NFO's representation on appeal. Thus, NFO's total request for attorneys' fees expended on appeal is $384,562.

We have considered the nature of legal services provided to NFO on this appeal, the quality of those services, the myriad of legal and factual questions raised, and the outcome of the case. We reduce the number of hours reasonably expended on NFO's behalf to those necessary to pursue this type of appeal without duplication of time and expertise. We also find that $125 per hour is the maximum reasonable legal rate applicable to any services provided, based on billing rates in this Circuit over the time period taken to prepare this appeal. We adjust the rates applied to the various services provided in that preparation accordingly. Under this approach, we find that the lodestar figures applicable to NFO's representatives on appeal are:

| FIRM/<br>ATTORNEY | REASONABLE PHASE II HOURS X<br>REASONABLE BILLING RATES |
|---|---|
| Akin, Gump, Strauss,<br>Hauer & Feld | $130,000 |
| Marvin Beshore | 16,000 |
| Richard A. Green | 5,000 |
| TOTAL ............. | $151,000 |

We refuse to enhance this total lodestar figure, as requested by NFO, since we do not see this as an extraordinary case meriting such enhancement. We do not detract from the importance of the case, but NFO's success here can be attributed to long hours and meticulous preparation, which we feel have been reasonably considered in our calculation of the lodestar figure. We also decline to apportion the award of attorneys' fees to NFO based on the defendants' conceptions of the scope of NFO's victory, as suggested in opposing memoranda filed by

---

* The Honorable PAUL BENSON, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

1. We note that NFO only requests fees and costs connected to the appeal of its antitrust counterclaim, styled "Phase II" of the appeal in

its schedule of fees and costs. We also treat NFO's request as seeking expenses from defendants found liable under its antitrust counterclaim, thereby excluding any expense claims against Associated Reserve Standby Pool Cooperative (ARSPC).

Associated Milk Producers, Inc. (AMPI) and Central Milk Producers Cooperative (CMPC). The question of apportioning attorneys' fees based on the number of issues on which a party prevails is pending before the Supreme Court in its grant of certiorari in *Hensley v. Eckerhart,* 455 U.S. 988, 102 S.Ct. 1610, 71 L.Ed.2d 847 (1982). We do not reach that apportionment question here, because the issues raised on this appeal are so interrelated that we cannot say that any of the services compensated out of this award were not part of NFO's success on appeal. Also, we have considered the ultimate outcome of the appeal in our calculation of the lodestar figure and our refusal to enhance that figure by the suggested 1.5 multiplier. Therefore, we order attorneys' fees in favor of NFO in the amount of $151,000.

NFO further requests its costs on appeal pursuant to Fed.R.App.P. 39, in essence the costs of copying briefs and the appendix in this case, in the amount of $11,510.50. *See Alexander v. National Farmers Organization, supra,* 687 F.2d at 1210. NFO bases this request on a copying cost of fifty cents per page. We find this per page charge unreasonable in this case, and order these court costs be paid by the defendants only to the extent of twenty cents per page, for a total of $4,604.20.

Finally, NFO seeks an award of expenses on appeal totaling $17,195.05, covering disbursements allegedly attributable to pursuing this appeal. NFO asserts these expenses are recoverable under language in the Clayton Act, as amended, authorizing awards of "the cost of suit, including a reasonable attorney's fee" in antitrust damages actions, 15 U.S.C. § 15 (Supp. V 1981), and in antitrust suits seeking injunctive relief, 15 U.S.C. § 26 (1976). NFO recognizes a split in the circuits on whether this language authorizes an award of expenses beyond those normally considered as court costs. *Compare State of Illinois v. Sangamo Construction Co.,* 657 F.2d 855, 866 (7th Cir.1981) ("cost of suit" in Clayton Act same as "costs of suit" in Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920 (1976 & Supp. II 1978)) *with Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1100–1101 (5th

Cir.1982) (expenditures not listed in 28 U.S.C. § 1920 (1976 & Supp. II 1978) recoverable under 15 U.S.C. § 15 (Supp. V 1981)). We are inclined to agree with a liberal interpretation of the Clayton Act which allows an award of actual expenses incurred on appeal, whether considered part of the "cost of suit" or part of a "reasonable attorney's fee." *See Copper Liquor, Inc. v. Adolph Coors Co., supra,* 684 F.2d at 1101.

We do not agree, however, that all items listed in Schedule C of the affidavit supporting NFO's motion for a disbursements award can be attributed solely to this appeal, as opposed to being general overhead normally paid by law firms and lawyers as a cost of doing business. We also reduce NFO's claims on some items which are attributable to this appeal to reflect a reasonable amount of expenses necessary for an appeal of this magnitude. We decide that only the following items are recoverable expenses above the attorneys' fees and court costs previously awarded:

| ITEM | FIRM/ATTORNEY | AMOUNT |
|---|---|---|
| Air Fares, Meals & Lodging | Akin, Gump, Strauss, Hauer, & Feld (Akin Firm) | $3,953.00 |
| | Marvin Beshore | 958.35 |
| Telephone | Akin Firm | 1,529.00 |
| | Marvin Beshore | 698.96 |
| Express Mail | Akin Firm | 1,192.14 |
| Federal Express/ Emory Air Freight | Akin Firm | 32.50 |
| TOTAL | | $8,363.95 |

This award of expenses is consistent with our allowing only reasonable attorneys' fees and court costs, and with the goal of encouraging private enforcement of the antitrust statutes.

We therefore order awards in favor of NFO of $151,000 for reasonable attorneys' fees, $4,604.20 for court costs, and $8,363.95 for reasonable excess expenses incurred in pursuing this appeal, to be paid in equal shares by defendants AMPI, CMPC, and Mid-America Dairymen, Inc. (Mid-Am).