Harold BABB, Wesley Fystrom and
Raymond Jepperson, Plaintiffs,

v.

SUN COMPANY, INC., a corporation,
and Sunmark Industries, Inc., a
corporation, Defendants.

Civ. No. 4–81–87.

United States District Court,
D. Minnesota,
Fourth Division.

May 5, 1983.

R. Scott Davies, Minneapolis, Minn. and
Sally A. Scoggin, St. Paul, Minn., Briggs &
Morgan, Minneapolis, Minn., for plaintiffs.

David G. Newhall and Letitia Grishaw,
Lindquist & Vennum, Minneapolis, Minn.,
for defendants.

MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on the
plaintiffs' motion for entry of judgment.
After an 11-day trial in this age discrimina-
tion case, the jury returned a verdict for
the plaintiffs. The only issues involved in
the present motion concern the plaintiffs'
request for additional relief and for attor-
neys' fees and costs.

## FACTS

The plaintiffs, Harold Babb, Wesley Fystrom, and Raymond Jepperson, are former employees of the defendant Sun Company, Inc. (Sun), a major oil company. In 1972, Sun's management decided to reorganize the corporation by withdrawing from its western marketing region in which all three of the plaintiffs were employed. Many of Sun's employees in the region were transferred to other locations. The plaintiffs were not transferred.

Due to government regulations resulting from the Arab Oil Embargo of 1974, Sun was unable to withdraw completely from its western marketing region until 1979. In that year, Sun closed out its remaining operations in the region and terminated the employment of its remaining employees, including the plaintiffs. Plaintiffs Babb and Fystrom were age 55; plaintiff Jepperson was 52.

The plaintiffs brought suit under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Rejecting Sun's defense that the plaintiffs lost their jobs solely as a result of cutbacks in the company's operations, the jury found that Sun had unlawfully discriminated against the plaintiffs on the basis of age and awarded damages to compensate the plaintiffs for lost backpay to the date of trial in the following amounts:

| | |
|---|---|
| Babb | $ 44,000.00 |
| Fystrom | 32,500.00 |
| Jepperson | 21,500.00 |

The jury also determined that Sun's discrimination was a willful violation of the ADEA.

## DISCUSSION

█ The ADEA provides both legal and equitable remedies to victims of unlawful age discrimination. 29 U.S.C. § 626(b). The purpose of the ADEA's remedies is to restore aggrieved persons to the position they would have been in if the discrimination had not occurred. *Leftwich v. Harris-Stowe State College*, 702 F.2d 686 at 693 (8th Cir.1983). The Act gives the district court discretion to fashion appropriate relief. *Id.*

### A. Reinstatement

█ The plaintiffs have requested reinstatement to positions with Sun comparable to their former jobs, a remedy expressly authorized by the ADEA. 29 U.S.C. § 626(b). Reinstatement is a favored remedy which should be denied only under "exceptional circumstances." *Dickerson v. Deluxe Check Printers, Inc.*, 703 F.2d 276 at 280 (8th Cir.1983).

Sun contends that the plaintiffs are not entitled to reinstatement because plaintiffs Babb and Fystrom failed to mitigate their damages by failing to seek new employment, while plaintiff Jepperson fully mitigated his damages by seeking and obtaining new employment. Plaintiffs' counsel has also suggested that reinstatement may be inappropriate due to "this lengthy and somewhat acrimonious litigation and the apparent unavailability of jobs," and requests an award of front pay as an alternative to reinstatement.[1]

█ The Court finds no reason to deny reinstatement. The plaintiffs have pursued reinstatement as a remedy throughout this litigation, and it is undisputed that the plaintiffs were satisfactory employees during their tenure with Sun. *Cf. Ginsberg v. Burlington Industries, Inc.*, 500 F.Supp. 696, 701 (S.D.N.Y.1980) (reinstatement denied where "reinstatement was not genuinely pursued, and where the evidence that plaintiff performed inadequately was very substantial"). Both Babb and Jepperson made serious efforts to find new jobs after being fired by Sun. Babb was unable to obtain a

---

1. Several courts have recognized that, in cases where reinstatement is not feasible, front pay or future damages may be awarded in lieu of reinstatement. *E.g., Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1100 (8th Cir.1982); *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1022–23 (1st Cir.1979) (dictum). Generally speaking, front pay awards tend to be "relatively small and [are] designed to assist plaintiff[s] during the period in which [they] can be expected to find other employment." *Loeb*, 600 F.2d at 1023.

comparable position and is currently unemployed. Jepperson obtained a new job after submitting over 100 applications and is currently employed by Kugler Oil Company at a salary comparable to his salary at Sun, but with reduced benefits. Fystrom made little attempt to secure employment, but his reluctance to begin a career with a new company is understandable given that he was 55 when he was fired and had planned to continue working only until age 62. There is no evidence of a poisoned relationship between the plaintiffs and Sun which would make reinstatement unwise. *Cf. EEOC v. Kallir, Philips, Ross, Inc.,* 420 F.Supp. 919, 926–27 (S.D.N.Y.1976), *aff'd mem.,* 559 F.2d 1203 (2d Cir.1977), *cert. denied,* 434 U.S. 920, 98 S.Ct. 395, 54 L.Ed.2d 277 (1977) (front pay awarded in lieu of reinstatement where job required complete trust and confidence between plaintiff and defendant and relationship had broken down). The "[a]ntagonism between parties [that] occurs as the natural bi-product [sic] of any litigation" is not a ground for denying reinstatement. *Taylor v. Teletype Corp.,* 648 F.2d 1129, 1139 (8th Cir.), *cert. denied,* 454 U.S. 969, 102 S.Ct. 515, 70 L.Ed.2d 386 (1981); *see also Dickerson v. Deluxe Check Printers, Inc.,* 703 F.2d 276 at 281 (8th Cir.1983). Finally, defendant's counsel has informed the Court that Sun will find comparable jobs for the plaintiffs as close to the Midwest as possible if reinstatement is ordered. Accordingly, Sun is ordered to reinstate the plaintiffs to positions comparable to their former jobs.

Since the Court is ordering reinstatement, it is unnecessary to address the plaintiffs' claim for front pay in lieu of reinstatement.

### B. *Liquidated Damages*

The ADEA incorporates the remedies of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* The FLSA provides:

Any employer who violates the provisions ... of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of ... this title, including without limitation

... *the payment of wages lost and an additional equal amount as liquidated damages.*

29 U.S.C. § 216(b) (emphasis added). Unlike the FLSA, the ADEA expressly provides that "liquidated damages shall be payable only in cases of willful violations of this chapter." 29 U.S.C. § 626(b).

The plaintiff contends that once a willful violation of the ADEA is found, an award of liquidated damages is mandatory. The defendant contends that it is discretionary and urges the Court not to award liquidated damages. The weight of authority is with the plaintiff.

The defendant relies on one case, *Adams v. James,* 526 F.Supp. 80, 85–86 (M.D.Ala. 1981). *Adams* in turn relies on a line of Fifth Circuit cases which hold that liquidated damages for a willful violation of the ADEA can be denied or reduced when the defendant acted in good faith. *Hedrick v. Hercules, Inc.,* 658 F.2d 1088, 1096 (5th Cir. 1981); *Hays v. Republic Steel Corp.,* 531 F.2d 1307, 1310–12 (5th Cir.1976).

The Fifth Circuit's good faith exception has been rejected by every other appellate court which has decided the issue. *Kelly v. American Standard, Inc.,* 640 F.2d 974, 981–82 (9th Cir.1981); *Wehr v. Burroughs Corp.,* 619 F.2d 276, 279 (3d Cir.1980); *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1020 (1st Cir. 1979); *see also Ginsberg v. Burlington Industries, Inc.,* 500 F.Supp. 696, 702 (S.D.N.Y.1980). The issue has not previously been addressed in this circuit.

The Court concurs with the majority of courts in rejecting the good faith exception. The Fifth Circuit's analysis is unpersuasive since it is difficult to comprehend how an employer can willfully violate the ADEA while at the same time acting in good faith. In addition, the Fifth Circuit's rule is based on an interpretation of the ADEA as incorporating section 11 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 260, an amendment to the FLSA which created a good faith defense to the imposition of liquidated damages for violations of the FLSA. However, the ADEA makes no reference to section 11 even though the ADEA expressly incorpo-

rates other provisions of the Portal-to-Portal Act. *See* 29 U.S.C. § 626(e). This omission strongly suggests that Congress did not intend to incorporate the good faith defense into the ADEA. Instead, the ADEA's "willfulness" requirement is a substitute for the Portal-to-Portal Act's good faith defense and, in fact, makes the good faith defense superfluous. *Loeb v. Textron,* 600 F.2d 1003, 1030 (1st Cir.1979). Thus, to allow a good faith defense even after a jury has determined that a violation was willful would produce unintended and anomalous results.

 The Court therefore holds that an award of liquidated damages is mandatory for willful violations of the ADEA. Accordingly, since the jury found that Sun's violation of the ADEA was willful, each of the plaintiffs is entitled to an award of liquidated damages equal to the amount the jury awarded that plaintiff in actual damages.[2]

## C. Attorneys' Fees

The plaintiffs have moved for an award of attorneys' fees and costs pursuant to 29 U.S.C. § 626(b). The defendant objects to the amount of the plaintiffs' requested award.

 The first step in determining an appropriate attorneys' fee award is to calculate the lodestar or base fee for the attorneys' services. The plaintiffs' fee application lists the following amounts:

| | |
|---|---|
| Senior Attorney Davies (335.75 hours at $125) | $41,968 |
| Associate Scoggin (581.1 hours at $80) | 46,488 |
| Legal Assistants (826.6 hours at $45) | 37,197 |
| Total | $125,653 |

The parties dispute whether legal assistant fees should be treated as a component of attorneys' fees or as an item of costs. The United States Court of Appeals for the Eighth Circuit recently resolved this issue by holding that legal assistant fees are awardable as attorneys' fees "if reasonable and not duplicative of other legal fees." *Hawkins v. Anheuser-Busch, Inc.,* 697 F.2d 810, 817 (8th Cir.1983).

The claimed lodestar fee must be reduced in two respects. First, time spent on the claims of Merritt Raymond, a plaintiff whose claims were dismissed by the Court at an early stage of the litigation, must be deducted since, as the plaintiffs themselves concede, Raymond was not a prevailing party. The plaintiffs have calculated that attorneys' fees of $6,881 were incurred in pursuing Raymond's claims. This figure includes $980 billed by legal assistants. The defendant's calculation is somewhat higher, but the Court will accept the plaintiffs' figure. Second, while recognizing the valuable contribution legal assistants make toward efficient trial preparation, the Court finds the charge of $45 per hour for legal assistants' time to be well beyond the rate that can be considered reasonable. The Court will allow $22.50 per hour for legal assistants' time, which requires an additional reduction of $18,108 in the lodestar fee. The defendant's request that time billed by Associate Scoggin during the taking of the plaintiffs' depositions be disallowed is denied since the Court believes that Scoggin's attendance at the depositions was productive. The Court accepts all other hours submitted by the plaintiffs and accepts, without reduction, the hourly fees requested by the plaintiffs for attorney time. The total lodestar fee after the above deductions is $100,664.

The next step involves determining whether the lodestar fee should be increased to compensate for exceptional quality of representation or unusual risk of the litigation. The Eighth Circuit has made it clear that the plaintiffs bear a heavy burden in establishing that they are entitled to an increase for quality or risk. *Paschall v. Kansas City Star Co.,* 695 F.2d 322, 337 (8th Cir.1982).

---

**2.** Even if liquidated damages were not mandatory under the ADEA, the Court would nevertheless award liquidated damages in an amount equal to actual damages in light of the jury's finding that Sun's violation of the ADEA was willful for which there is support in the record.

With respect to the risk factor, the plaintiffs contend that the riskiness of the litigation was high due to the subtle nature of the discrimination, the potential inadmissibility of key plaintiff's evidence, and the vast resources of the defendant. The defendant, in contrast, argues that the risk was low since the case did not involve novel issues of law and since large corporate defendants tend not to evoke the sympathies of jurors.

The Court has considered these factors and concludes that the plaintiffs have not met their heavy burden of establishing that they are entitled to an increase for risk. Since the Court is awarding fees for virtually all of the hours spent in trial preparation, increasing that already substantial award to compensate for risk would result in overcompensation of the plaintiffs' attorneys. *See Alexander v. National Farmers Organization,* 696 F.2d 1210, 1211 (8th Cir. 1982); *Wehr v. Burroughs Corp.,* 477 F.Supp. 1012, 1019 (E.D.Pa.1979), *modified,* 619 F.2d 276 (3d Cir.1980).

Likewise, although the plaintiffs' attorneys were exceptionally well-prepared at trial, this high caliber of representation is expected of attorneys with the experience and reputation of plaintiffs' counsel. Since the quality of counsel's work is already reflected in their hourly rates,[3] an increase for quality is unwarranted.

Finally, the plaintiffs have moved for an award of costs in the amount of $12,333.90. Although the defendant has objected to several of these cost items, the Court finds that they are proper with one exception. The charge of $432.50 for Lexis computer-aided legal research must be deducted since "computer-aided research, like any other form of legal research, is a component of attorneys' fees and cannot be independently taxed as an item of cost in addition to the attorneys' fee award . . . ." *Leftwich v. Harris-Stowe State College,* 702 F.2d 686 at 695 (8th Cir.1983). The total of awardable costs is, therefore, $11,901.40.

[3]. The Eighth Circuit recently noted that $125 per hour, the rate allowed in this case to Attorney Davies, is "the maximum reasonable legal rate applicable to any services provided, based

IT IS ORDERED that:

1. Judgment be entered in favor of the plaintiffs in accordance with the jury's special verdict dated January 20, 1983;

2. the defendants reinstate each of the plaintiffs to a position comparable to that plaintiff's former position;

3. each of the plaintiffs is awarded an additional amount of liquidated damages equal to the amount the jury awarded that plaintiff in actual damages;

4. the plaintiffs' motion for an award of attorneys' fees is granted in the amount of $100,664;

5. the plaintiffs' motion for an award of costs is granted in the amount of $11,901.40.

LET JUDGMENT BE ENTERED ACCORDINGLY.

on [current] billing rates in this Circuit . . . ." *Alexander v. National Farmers Organization,* 696 F.2d 1210, 1211 (8th Cir.1982).