Mrs. Laura P. DASHER and Mrs. Lauree D. Kicklighter, Coadministrators of the Estate of Ronald Louis Dasher, Plaintiffs,

v.

The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant.

No. CV475–204.

United States District Court, S. D. Georgia, Savannah Division.

Feb. 22, 1978.

Luhr G. C. Beckmann, Jr., Miller, Beck-mann & Simpson, Savannah, Ga., B. Daniel

Dubberly, Jr.; Dubberly & Dubberly, Glennville, Ga., for plaintiffs.

Robert L. Pennington, Jeffrey R. Nickerson; Troutman, Sanders, Lockermann & Ashmore, Atlanta, Ga., for defendant.

LAWRENCE, District Judge.

### ORDER ON DEFENDANT'S BILL OF COSTS

#### I

Having prevailed in the jury trial in this action on a life policy, Mutual Life Insurance Company of New York has filed a bill of costs which includes travel expenses of three witnesses to Savannah and return to give depositions and subsequently for the purpose of testifying at the trial. Two of the witnesses are officials of the defendant. The other is an underwriter in another insurance company which was reinsurer un-·der the policies issued by MONY on the life of Ronald L. Dasher. The total travel expense for the two trips to Savannah amounted to $1,219.80. Two of the witnesses live in New York and the other at Minneapolis.

In response, plaintiffs have filed a plea of Plene Administravit Praeter.[1] In their reply brief, they oppose the allowance of the travel expense in the cost bill.

#### II

Under 28 U.S.C. § 1920(3), allowance for witnesses are taxable as costs. A witness is entitled to $20 per day for attendance, $16 as subsistence and 10 cents per mile for travel. 28 U.S.C. § 1821.

■ Travel expenses of a witness are allowable against the losing party in the discretion of the trial court. *Farmer v. Arabian American Oil Company,* 379 U.S. 227, 232, 85 S.Ct. 411, 13 L.Ed.2d 248; *Hodge v. Seiler,* 558 F.2d 284, 287 (5th Cir.); *Dorothy K. Winston & Co. v. Town Heights*

---

1. Such a plea is one by an administrator that all assets of the estate have been fully administered except some portion which is insufficient to satisfy plaintiff's claim for costs. It is claimed that the remaining asset of the estate, real property in Tattnall County, is encumbered by a mortgage on which $90,000 is due.

*Development, Inc.,* 68 F.R.D. 431, 433 (D.D. C.).[2] It is said that the court's discretionary power is a broad one in allowing or disallowing costs enumerated in § 1920. *Advance Business Systems & Supply Company v. SCM Corporation,* 287 F.Supp. 143, 162 (D.Md.); aff'd and remanded, 415 F.2d 55 (4th Cir.), cert. den. 397 U.S. 920, 90 S.Ct. 928, 25 L.Ed.2d 101.

■■■ The expenses of corporate officers of a party in travelling to the place of trial is taxable against the losing party in the discretion of the court. *Sperry Rand Corporation v. A–T–O, Inc.,* 58 F.R.D. 132, 137 (E.D., Va.); *Dorothy K. Winston & Co. v. Town Heights Development, Inc., supra,* 68 F.R.D. at 433–34. The trial court may allow the prevailing party expenses of travel of witnesses who come from outside the 100 mile range of subpoena power established by Rule 45(e). *Farmer v. Arabian American Oil Company, supra,* 379 U.S. at 232, 85 S.Ct. 411; *Scientific Holding Company, Ltd. v. Plessey Incorporated,* 510 F.2d 15, 28 (2nd Cir.); *Huddell v. Levin,* 395 F.Supp. 64, 91–92 (D.N.J.). However, it has been held that the travel expense of witnesses beyond 100 miles should be limited to such mileage in the absence of special circumstances. *Linneman Construction, Inc. v. Montana-Dakota Utilities Co., Inc.,* 504 F.2d 1365, 1371, 1372 n. 13 (8th Cir.).

■■■ Travel expenses of deponents incurred in testifying by deposition are allowable. *Bailey v. Meister Brau, Inc.,* 378 F.Supp. 883, 888 (N.D., Ill.). Even though not used at the trial, depositions normally will be deemed to be necessarily obtained for use in the case. *Federal Savings & Loan Insurance Corporation v. Szarabajka,*

330 F.Supp. 1202 (N.D., Ill.). Similarly, the prevailing party may recover the expense of transportation of witnesses who are present at the trial but not put on the stand provided their testimony is relevant and material and is necessary to the prevailing party's case. *Bailey v. Meister Brau, Inc.,* 378 F.Supp. *supra,* at 888; 6 *Moore's Federal Practice* ¶ 54.77[5.–1], pp. 1730–32; Comment Note in 13 L.Ed.2d 1045–56.

## III

Two of the witnesses involved had reviewed and considered Mr. Dasher's application for life insurance. They testified at the trial on a crucial issue, namely, whether the insurer would have issued the policies had it been aware that certain answers by the insured were false. The third witness possessed information in respect to plaintiffs' contention that all of the facts revealed by the claims investigation were known to MONY when Dasher's application for insurance was submitted. It developed at the trial that his testimony was not necessary.

The financial condition of the decedent's estate possibly academizes this Court's ruling on the taxability of the expenses in dispute. However, the plea of insufficient assets filed by the administratrices of the estate is not ripe for decision. This Court must first rule on the claim for travel expenses in respect to the trips of the witnesses to Savannah for depositional and trial purposes.[3]

■■■ Generally, where a plaintiff deposes a corporate officer of the defendant in a city other than his residence or the corpo-

**2.** See also "Allowance of Costs for Witness' Travel Expenses in Attending Federal Civil Trial for Purpose of Testifying," 13 L.Ed.2d 1036, 1037; Trial Court Discretion in Allowing Costs, 8 *Conn.L.R.* (Fall, 1975), 149–158; Wright and Miller, 10 *Federal Practice and Procedure* § 2178, pp. 226–234.

**3.** The bill of costs is calculated on the basis of the statutory 10 cents per mile travel allowance for witnesses except where the plane fare is less than the mileage allowance.

rate place of business, the party taking the deposition is required as a condition thereof to pay the witness's travelling expenses to and from the point where the testimony is taken. *Hirsch v. Glidden Co.,* 79 F.Supp. 729 (S.D., N.Y.); *Goodman v. Lane,* 12 F.R.D. 176 (S.D., N.Y.); *Connell v. Biltmore Security Life Insurance Company,* 41 F.R.D. 136 (D.S.C.).

■■■■ In the present case no subpoenas were issued. On both occasions the witnesses voluntarily travelled to Savannah. Failure to subpoena does not affect the right to recover transportation expense as part of the costs. *Oscar Gruss & Son v. Lumbermen's Mutual Casualty Company,* 46 F.R.D. 635, 639 (S.D., N.Y.). It is now generally recognized that travel expense may be taxed as costs where a witness without subpoena voluntarily attends the trial in good faith in order to testify. Comment Note, 13 L.Ed.2d 1036, 1046. See also *Vincennes Steel Corporation v. Miller,* 94 F.2d 347 (5th Cir.).

### IV

#### (A) *Travel Expense for Taking of Depositions at Savannah*

Plaintiff contends that had it realized that the travel charges would be taxed if defendant should prevail, the depositions in question would have been taken elsewhere. That, too, would have been expensive. Trips to New York and Minnesota by the attorney for the plaintiff would have been necessary in that connection. The cost would not be recoverable if plaintiff won the case. *Kiefel v. Las Vegas Hacienda, Inc.,* 404 F.2d 1163 (7th Cir.).

The plaintiff undertook for its own benefit the investigative discovery of the three witnesses. I gather that there was no understanding as to who was to pay the expense of their travel to Savannah. The transcripts reflect nothing in that regard. The plaintiff had noticed the defendant as to the taking of the depositions of a number of local witnesses as well as the custodian of MONY's records. Apparently it was more convenient to all concerned to bring the three witnesses to Savannah. In sum and substance, defendant left to future events who would be ultimately responsible for their travel expense and subsistence.

■■■■ The fact that the witnesses were voluntarily produced at Savannah by MONY; the lack of any understanding between the parties as to responsibility for cost of travel, and the fact that the defendant picked up the expense tab do not preclude this Court from taxing plaintiff with the cost thereof.

#### (B) *Travel Expenses of the Witnesses to Place of Trial*

The defendant could have used the depositions at the trial rather than the witnesses themselves. The discovery depositions are quite full and relevant exhibits were attached. However, depositional testimony in jury trials is generally not as effective as in the case of a witness who testifies in person. MONY had the right to have witnesses necessary to the proper defense of the lawsuit present at the trial.

■■■■ Under the facts and the law, the exercise of judicial discretion in this case presents no real problem. The presence at the trial of defendant's three witnesses was essential to the defense. Plaintiff brought the action that necessitated their presence at the trial. It lost the case. The travel expenses of these material witnesses of the defendant must be taxed against the plaintiff.

The bill of costs submitted by the defendant is approved as to all items.