Charles B. GUINASSO and Rosaria V. Guinasso, husband and wife, Plaintiffs,

v.

PACIFIC FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, a federal savings and loan association, Defendant.

Civ. No. 75–538–FR.

United States District Court,
D. Oregon.

Jan. 6, 1983.

Henry Kantor, Phil Goldsmith, Henry A. Carey, P.C., Portland, Or., for plaintiffs.

Craig C. Murphy, Portland, Or., for defendant.

## ORDER

FRYE, District Judge:

This matter is before the court upon the plaintiffs' petition for review of the Clerk of the court's decision on costs pursuant to Fed.R.Civ.P. 54(d). This court grants plaintiffs' petition for review.

## FACTS

Plaintiffs submitted a cost bill in the sum of $327.50 pursuant to 28 U.S.C. § 1920. That sum includes $175 which is the cost of the use of WESTLAW Legal Research Service. Defendant objected to that item and plaintiffs responded to the defendant's objection. Robert M. Christ, Clerk of the court, wrote an opinion letter to counsel in which he reviewed the cases cited to him on the issue and concluded that the cost of computerized legal research is an item of office overhead and not allowable as a cost under 28 U.S.C. § 1920.

28 U.S.C. § 1920 provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Christ determined that since 28 U.S.C. § 1920 did not specifically provide for the allowance of the cost of computerized legal research, and because there were no special circumstances, this item of costs should not be allowed.

Christ's decision is contrary to the holdings in *Wehr v. Burroughs Corp.,* 619 F.2d 276 (3rd Cir.1980). The court in *Wehr,* however, relied upon *Pitchford Scientific Instruments Corp. v. Pepi, Inc.,* 440 F.Supp. 1175, 1178 (W.D.Pa.1977), *aff'd without opinion,* 582 F.2d 1275 (3d Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 242 (1979). *Pitchford* is an antitrust case in which attorneys' fees and costs, including the cost of computerized legal research, were allowed pursuant to 15 U.S.C. § 15. 15 U.S.C. § 15 provides that the plaintiff shall recover "... the cost of suit, ..." The "cost of suit" under 15 U.S.C. § 15 is a broader term than "court costs" under 28 U.S.C. § 1920. 440 F.Supp. at 1178.

District courts have limited discretion to award as costs expenses not specifically allowed by statute. That discretion is to be exercised sparingly. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); *State of Illinois v. Sangamo Construction Co.,* 657 F.2d 855, 864, n. 11 (7th Cir.1981).

IT IS ORDERED that the decision of Robert M. Christ, Clerk, rendered by letter of November 22, 1982, awarding to plaintiffs costs in the amount of $152.50 is AFFIRMED.