See also, D.C., 99 F.R.D. 578.

**Marjorie O'DONNELL, Plaintiff,**

v.

**GEORGIA OSTEOPATHIC HOSPITAL, INC., d/b/a Doctors Hospital, Defendant.**

Civ. A. No. C81–2188A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 23, 1983.

---

**4.** This Court expresses no opinion at this time as to whether this case should be maintained as a class action.

Richard L. Stumm, O'Callaghan, Saunders & Stumm, B. Lee Crawford, Jr., Paul, Hastings, Janofsky & Walker, Atlanta, Ga., for plaintiff.

Martha C. Perrin, Ogletree, Deakins, Nash, Smoak & Stewart, Atlanta, Ga., for defendant.

### ORDER

ROBERT H. HALL, District Judge.

On July 5, 1983,[1] the clerk, at the direction of the court, entered judgment against the defendant under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq., and awarded to the plaintiff damages in the amount of $74,466.32. Pending before the court is plaintiff's Motion to Amend the Judgment to add an award of attorneys' fees.

■ The Age Discrimination in Employment Act ("ADEA") states that the Act is to be "enforced in accordance with the powers, remedies and procedures provided in [section 216 of Title 29]...." Title 29, Section 216, in turn provides:

> The court in such action *shall, in addition to any judgment* awarded to the plaintiff or plaintiffs, *allow a reasonable attorney's fee* to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b) (in part) (emphasis added).

By the language of the incorporated provision, specifically the phrase, "in addition to any judgment," an award of attorney's fees under ADEA is not a part of the judgment and thus it is not the appropriate subject of a motion to amend the judgment. *Cf. Knighton v. Watkins,* 616 F.2d 795 (5th Cir.1980) (Court found that motion for attorney's fees under 42 U.S.C. § 1988 was not a motion to amend the judgment because it merely sought what was due because of the judgment). The court will, therefore, disregard the form of plaintiff's motion and consider it a simple request for attorneys' fees.

The issue for the court is whether plaintiff's request, filed 20 days after the entry of final judgment, is timely. ADEA does not provide procedural guidelines for applying the attorney's fee award remedy. Specifically, it does not indicate whether a plaintiff waives the right to the award by not submitting a specific request within a certain amount of time. The distinction between attorney's fees and costs ("the court ... shall allow a reasonable attorney's fee ..., and costs") at least indicates that a plaintiff's claim for attorney's fees is not a cost subject to the time limitation for filing a Bill of Costs. *See Jones v. Dealer's Tractor and Equipment Co.,* 634 F.2d 180 (5th Cir.1981) (Construing 42 U.S.C. § 1988 which provides that attorney's fee may be awarded "as part of the costs.")

■ Defendant contends[2] that the request should be subject to the time restraint provided by Local Rule 420 for attorney's fee motions under the Civil Rights Attorney's Fee Award Act, 42 U.S.C. § 1988, which is 15 days, and that the court should

---

1. Defendant submits that final judgment was entered on July 1, 1983, and even presents a Judgment document with that date. Because the court did not direct the clerk to enter judgment until July 5, 1983, the court will consider the earlier date on the document to be an error. (Even if the July 1, 1983 date was controlling, the court's judgment would not be altered.)

2. Defendant's initial contention was that plaintiff's motion was untimely under Fed.R.Civ.P. Rule 59(e), which governs motions to amend a judgment; because plaintiff's motion is not actually a motion to amend, it is not governed by that Rule.

find the request untimely.[3] Plaintiff asserts that motions for attorney's fees need only be filed within a "reasonable time" and that 20 days is reasonable.[4]

The court rejects defendant's suggestion that the court apply the fifteen-day time restraint provided in Local Rule 420. As that Rule presently only applies to motions made under 42 U.S.C. § 1988, it would be unfair to apply it to plaintiff's motion under ADEA.

 Without any specific time provided by federal law or Local Rule of this court, the court finds that requests for attorneys' fees under ADEA may be made by motion within a reasonable period of time after the final judgment in a case. *See Gordon v. Heimann,* 715 F.2d 531 (11th Cir.1983) (Adopting same standard for attorney's fee motion under Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.,* which also lacks a time limitation.) Applying this standard, the court concludes that plaintiff's motion was timely filed. Twenty days does not seem unreasonable nor prejudicial to defendant. *Cf. Brown v. City of Palmetto, Ga.,* 681 F.2d 1325 (11th Cir.1982) (Court held that claim for attorney's fees under 42 U.S.C. § 1988 would be untimely only on a showing of unfair surprise or prejudice absent a local rule providing a specific time constraint).

Although the court finds plaintiff's submission of her *itemization* of the requested award on August 18, 1983, 44 days after the entry of judgment, somewhat tardy, it declines to deny plaintiff an award of attorney's fees based on this without some evidence that the lapse of time prejudiced defendant.

Plaintiff's request that the court determine a reasonable attorney's fee award is GRANTED; defendant will be allowed until October 5, 1983, to respond to plaintiff's itemization of costs and attorneys' fees.

**3.** 421.1 *Fee Motions.* Any party seeking an award of attorney's fees pursuant to the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, must file a motion accompanied by briefs and appropriate affidavits seeking such recovery within fifteen (15) days of the entry of the final judgment as to the party seeking such award.

421.2 *Waiver of Fees.* Failure to comply with the provisions of this rule will be construed as a waiver and abandonment of any claims

to recover attorney's fees pursuant to 42 U.S.C. § 1988.

**4.** Plaintiff actually argues that the lapse in time was only 9 days, counting from the date judgment was entered (July 5, 1983) to the date her motion was *served* on defendant (July 14, 1983); the court, however, considers the time of *filing* (July 25, 1983) to be the critical date and counts the lapse of time after entry of judgment until filing to be 20 days. *See Knighton v. Watkins, supra.*