**Marjorie O'DONNELL, Plaintiff,**

v.

**GEORGIA OSTEOPATHIC HOSPITAL, INC., d/b/a Doctors Hospital, Defendant.**

**Civ. A. No. C81-2188A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 13, 1983.

See also D.C., 99 F.R.D. 576.

Richard L. Stumm, B. Lee Crawford, Jr., O'Callaghan, Saunders & Stumm, Paul, Hastings, Janofsky & Walker, Atlanta, Ga., for plaintiff.

Martha C. Perrin, Ogletree, Deakins, Nash, Smoak & Stewart, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

Presently pending before this court is defendant's Objection to Plaintiff's Bill of Costs. Defendant objects to three costs taxed to him: (1) travel expenses for witnesses ($523.00); (2) costs incident to taking of depositions ($883.45); and (3) computer research charges ($1,182.00).

## A. Travel Expenses ($523.00)

Plaintiff seeks to recover the costs of transporting two witnesses to Atlanta, Georgia, to testify at trial during the rebuttal phase of her case. One witness came from St. Louis, Missouri, and the other came from Mobile, Alabama. Defendant does not suggest that travel expenses are never taxable; its objections are that (1) the witnesses were not reasonably necessary for establishing plaintiff's case-in-chief, and (2) plaintiff failed to obtain prior approval for bringing the witnesses from distances greater than 100 miles.

The court finds defendant's first objection without merit. The two witnesses in question, Wanda Jordan and Neysa Sharpless, had direct, first-hand knowledge of events material to plaintiff's case. Jordan was the secretary whose job plaintiff applied for when Jordan left the defendant's employ. Sharpless was the secretary whom plaintiff found sitting at her desk when she returned from vacation. The testimony of these witnesses was undoubtedly important to plaintiff's case. The fact that they were rebuttal witnesses does not alter the court's conclusion that their participation at trial was reasonably necessary.

As for defendant's second objection, the taxing of expenses for travel beyond 100 miles is within the trial court's discretion. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). The court, of course, recognizes that several courts have adopted the rule that the allowance of these expenses should be limited to special circumstances. *Linneman Construction, Inc. v. Montana-Dakota Utilities Co., Inc.,* 504 F.2d 1365, 1371 (8th Cir.1974); *Dasher v. Mutual Life Ins. Co. of New York,* 78 F.R.D. 142 (S.D.Ga.1978). The Eighth Circuit, in applying the "Special Circumstances" rule, stated:

In the present case the testimony of the witnesses residing outside the district appears merely cumulative to that given by the substantial number of witnesses for defendant from within the district. We do not find any special circumstances to justify an allowance of mileage greater than 100 miles in the present case.

\* \* \* \* \* \*

We recognize that payment of mileage for witnesses outside of the district, from their point of entry into the district, as was done in this case, may be justified when the witness is a necessary and material witness in the proceedings and does not give merely redundant or cumulative testimony. Rather than approving this practice as a proper exercise of discretion in every case, we feel it is better to leave the determination in each case to the discretion of the district court as it is in the best position to determine the necessity and materiality of the witness' testimony.

*Linneman Construction, Inc., supra,* 504 F.2d at 1371–1372.

Because the witnesses were necessary and material to plaintiff's case, and because plaintiff could not have obtained similar testimony from witnesses residing closer, the court finds the circumstances to be sufficiently special to allow the taxing of their travel expenses. *See Dasher, supra,* 78 F.R.D. at 145 (Allowing $1,219.80 in witness travel costs for deposition and trial); *Esler v. Safeway Stores, Inc.,* 77 F.R.D. 479, 482 (W.D.Mo.1978) (Allowing $157.50 for witness travel costs).

## B. Costs Incident to Taking of Depositions ($883.45)

Plaintiff seeks to recover the costs attendant to the taking of six depositions: the costs for the original deposition transcripts and the fees paid to court reporters.[1]

1.

| Person Deposed | Court Reporter Fee Paid | Person Deposed | Court Reporter Fee Paid |
|---|---|---|---|
| Marjorie O'Donnell | $159.00 | Rhea Keene | $219.50 |
| Stewart Harkness | 295.20 | Norman Martin | 209.75 |
| Jack Sartain | | | |
| Anne Moore | | | |

Defendant objects, saying that the depositions were obtained for the purpose of investigation or preparation for trial, making the costs of their preparation not taxable, and that, in any case, taxation of the costs of copying the original deposition transcripts should not be allowed.

First, the court does not find that the costs objected to include copying expenses, *See* Crawford Affidavit, and accordingly dismisses defendant's second argument as irrelevant to this Objection.[2] Second, the court finds that the depositions were necessarily taken for use in the case and that defendant has not specifically objected that they were unduly prolonged. *See Jeffries v. Georgia Residential Finance Authority,* 90 F.R.D. 62, 63 (N.D.Ga.1981). As a result, the court rejects defendant's objection to the taxing of deposition expenses.

It is true that many courts have adopted the practice of permitting taxation of deposition costs for depositions introduced at trial or used in cross-examination of witnesses and disallowing the costs of all other depositions, *see Hill v. BASF Wyandotte Corp.,* 547 F.Supp. 348, 351 (E.D.Mich.1982), but this district has chosen to award the costs of depositions that were reasonably necessary when taken, even if not later used at trial. *Jeffries v. Georgia Residential Finance Authority, supra.*

### C. *Computer Research Charges* ($1,182.00)

Plaintiff claims as a reasonable and necessary cost the expense of computer assisted research. Defendant's objections are that (1) the item is not specifically authorized by statute; (2) plaintiff failed to obtain advance permission to tax such an item;

and (3) the expense is a component of attorney's fees, not an independent, taxable cost.

The taxing of the cost of computer research has been held recoverable at the discretion of the trial court in several courts. *See, e.g., Leftwich v. Harris-Stowe State College,* 702 F.2d 686, 695 (8th Cir. 1983) (Computer research expense held to be a component of attorney's fees rather than a taxable cost); *Wehr v. Burroughs Corp.,* 619 F.2d 276, 285 (3d Cir.1980) (Computer research expense taxed as a cost). As the Third Circuit has said, "[u]se of computer-aided legal research ... is certainly reasonable, if not essential, in contemporary legal practice." *Id.* at 285. This court agrees that plaintiff should be allowed to recover, within reason, the cost of computer research.

Defendant's main objection seems to be that plaintiff should have included the expense of computer research in her request for attorney's fees, not that the expense is never recoverable. Defendant relies on *Leftwich v. Harris-Stowe State College, supra,* in which the Eighth Circuit said:

> [C]omputer-aided research, like any other form of legal research, is a component of attorneys' fees and cannot be independently taxed as an item of cost in addition to the attorneys' fee award the district court granted [plaintiff].

702 F.2d at 695.

The court rejects defendant's form-over-substance argument. When a prevailing party has not already been awarded, or has not properly requested, attorney's fees which include computer research costs, it is not dispositive that the expenses are sought as a cost.[3] The alternative would be to

---

*See* Crawford Affidavit.

**2.** If defendant can show that the amount claimed for Costs Incident to Taking of Depositions includes copying costs, the court will reconsider its ruling on this item. The court does note that the photocopying costs claimed by plaintiff ($95.34) include the cost of copying some depositions, *see* Crawford Affidavit, but will not address defendant's argument regarding the propriety of taxing the costs of deposition copies until it directs its objection to that item specifically and identifies the dollar amount involved.

**3.** Apparently defendant was counting on the court finding the motion for attorney's fees untimely (see September 23, 1983 Order); indeed, if the court had decided that plaintiff could not recover attorney's fees, the question of whether the cost of computer research is a component of attorney's fees or a taxable cost would have been more of an issue. However, even in such a case, the court would still reject the form-over-substance argument.

disallow the taxation of the costs, while allowing the prevailing party to amend his or her request for attorney's fees. The court finds such a route unnecessarily circuitous. The court will, therefore, allow computer expenses to be taxed as a cost.

■ This case is distinguishable from the *Leftwich* case in that there the district court had already awarded attorney's fees. Although the court did not say, presumably the attorney's fees award included computer research charges.[4] Here, the request for attorney's fees has not yet been granted.[5]

Despite the court's holding that computer research expenses are taxable, it declines at this time to allow the taxation of the amount submitted by plaintiff for computer research. First, the court finds that plaintiff has not made clear that her request for attorney's fees does not include some of the computer research expense; specifically, plaintiff needs to show that the computer research expense includes only computer costs (as opposed to computer costs plus attorney time) or, if the expense does include attorney time, that this time is not included in the itemization of time submitted for the attorney's fee award.

Second, if plaintiff is able to make such a showing, the court, in all fairness, will allow defendant to address the reasonableness of the research for which costs are sought.

Plaintiff has until October 21, 1983, to make the showing requested; if plaintiff fails to respond by that time, the court will disallow the taxation of the computer research costs. If plaintiff responds within the time constraint, defendant will have until October 31, 1983, to file an additional brief addressing the reasonableness of the amount claimed. If defendant fails to submit a brief by that time, the court will allow the taxation of the full amount sought.

*Conclusion*

In summary, the court:

(1) DENIES defendant's objection to the travel expenses and deposition costs; and

(2) DENIES defendant's objection that cost of computer research cannot be taxed, but declines at this time to hold that the amount claimed by plaintiff can be taxed. Plaintiff is directed to submit additional support for her claim by October 21, 1983, or have this item disallowed. If plaintiff complies with this direction, defendant will then have until October 31, 1983, to address the reasonableness of the amount requested, or have the full amount requested taxed. The clerk is hereby ordered to resubmit the case as necessary.

---

4. The district court's opinion, like the appellate court's, did not indicate what the attorney's fees award included. *See Leftwich v. Harris-Stowe State College,* 540 F.Supp. 37, 46 (E.D. Mo.1982).

5. In the Order issued September 23, 1983, this court held that plaintiff was entitled to recover attorney's fees, but deferred judgment on the amount of the award until defendant had a chance to address the reasonableness of the amount requested.