**Herman FRIEDLANDER, Plaintiff,**

v.

**Jerry C. NIMS, et al., Defendants.**

**Civ. A. No. C82–1900A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

April 17, 1984.

Richard B. Dannenberg, Henry A. Brachtl, New York City, Edward L. Greenblatt, Atlanta, Ga., for plaintiff.

J. Wallace Adair, Ralph J. Savarese, Gaspare J. Bono, Washington, D.C., for Timex Corp.

### ORDER

SHOOB, District Judge.

On September 30, 1983, the Court dismissed the claims against Timex Corporation subject to plaintiff's right to amend within fifteen days. 571 F.Supp. 1188. Plaintiff did not amend the complaint within the time allowed. On January 6, 1984, the Court directed the entry of final judgment of dismissal as to Timex. After judgment was entered, Timex filed its bill of costs. Presently before the Court is the

objection by plaintiff to Timex's bill of costs.

Timex seeks the following costs:

| | |
|---|---|
| Fees of court reporter | $597.40 |
| Fees for copies of papers | 142.80 |
| Docket fees | 22.50 |
| Computerized legal research | 1039.75 |
| TOTAL | $1802.45 |

Plaintiff objects to the fees of the court reporter, fees for copies of papers, that portion ($2.50) of the docket fees that corresponds to the filing of a deposition, and the expenses of computerized legal research.

Taxation of costs is governed by 28 U.S.C. § 1920. That section states:

A judge or clerk of any court of the United States may tax as costs the following:

. . . . .

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

. . . . .

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

. . . .

The Court will analyze the challenged costs separately.

### Fees of court reporter

■ Timex seeks to recover the fees of a court reporter for a copy of the transcript of a deposition of plaintiff. Plaintiff objects to this item because the parties had agreed to waive the filing of that deposition, because a copy was unnecessary for use in the case, and because the cost was high.

The Court concludes that the deposition copy was necessarily obtained by Timex for use in the case, even if it was not required to be filed. Although the cost was high, it was reasonable. The Court will therefore allow the item.

### Fees for copies of papers

■ Timex seeks reimbursement for photocopies of documents filed with the Court and served upon the other parties. Plaintiff objects to this item as constituting office overhead. If the photocopies were for the attorneys' own use, the Court would agree; but because Timex was required to file and serve copies of its pleadings, the costs of those copies are appropriate under 28 U.S.C. § 1920(4).

### Docket fee

Plaintiff objects to the $2.50 docket fee for filing the deposition of plaintiff. Because the record shows that another defendant actually filed the deposition, the Court will disallow that item.

### Computerized legal research

■ Timex claims $1039.75 as costs of computerized legal research. In support of that claim, Timex cites *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706 (N.D.Ill.1982). That case has summarized the leading cases allowing the taxation of the costs of computerized legal research:

Although the cost of computerized legal research is not on the list of taxable costs in section 1920, "a district court retains limited discretion under Rule 54(d) to award as costs of suit expenses not specifically allowed by statute...." *State of Illinois v. Sangamo Construction Co.*, 657 F.2d [855] at 864 n. 11 [7th Cir.1981]. The use of computer aides [sic] in research is "reasonable, if not essential, in contemporary legal practice," *Wehr v. Burroughs Corp.*, 619 F.2d 276, 285 (3d Cir.1980), and "replaces by instantaneous and supposedly infallible retrieval, many hours which would be billable if performed by human talent." *Pitchford Scientific Instruments Corp. v. Pepi, Inc.*, 440 F.Supp. 1175, 1178 (W.D.Pa.1977), *aff'd*, 582 F.2d 1275 (3d Cir.1978), *cert. denied*, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 242 (1979).

*Independence Tube Corp.*, 543 F.Supp. at 723.

The Court finds that computerized legal research is, like other legal research, part of an attorney's preparation of a case. Although the line between attorney's fees and costs may be indeterminate, the Court believes that expenses for computerized legal research fall within the rubric of attorney's fees rather than that of costs. That use of a computer is "reasonable, if not essential, in contemporary legal practice" makes no difference: books, typing or word processing, office space, and even paralegal assistance are "reasonable, if not essential," and their costs are part of the total cost of an attorney's services. Nor does it matter that attorneys often bill their overhead for computer research as a separate item: many attorneys also bill typing and paralegal assistance costs separately.

The Court notes that another judge of this district has held that expenses of computer research are recoverable by a party as costs when the expenses have not been previously included in an award of attorney's fees. *See O'Donnell v. Georgia Osteopathic Hospital, Inc.,* 99 F.R.D. 578, 581–2 (N.D.Ga.1983) (Hall, J.). In that case the court rejected, as exalting form over substance, an argument that expenses of computer research were exclusively a component of attorney's fees. *Id.* at 581. This Court disagrees. The substance of the work is legal research; the form of that research, whether with computer or microfilm or books, should not alter that fact, and litigants should not have the option of designating expenses of legal research as costs. Accordingly, the Court declines to follow *O'Donnell v. Georgia Osteopathic Hospital* and *Independence Tube Corp. v. Copperweld Corp.;* the Court instead holds that expenses of computerized legal research are properly considered a component of attorney's fees and are not recoverable as costs. *See also Leftwich v. Harris-Stowe State College,* 702 F.2d 686, 695 (8th Cir.1983); *Wolfe v. Wolfe,* 570 F.Supp. 826, 827–8 (D.S.C.1983); *Babb v. Sun Co.,* 562 F.Supp. 491, 495 (D.Minn.1983); *Dick v. Watonwan County,* 562 F.Supp. 1083, 1110 (D.Minn.1983); *Guinasso v. Pacific First Federal Savings and Loan Ass'n,* 100 F.R.D. 264 (D.Or.1983).

*Conclusion*

For the reasons stated above, the Court DISALLOWS costs in the amount of $2.50 for a docket fee and $1039.75 for expenses of computerized legal research. Plaintiff shall pay Timex Corporation costs totaling $760.20.