**A.A. FRESSELL, et al., Plaintiffs,**

v.

**AT & T TECHNOLOGIES, INC., Defendant.**

**Civ. A. No. C 82–699 A.**

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 7, 1984.

On Certification and Motion for Reconsideration Oct. 22, 1984.

112

Dejan S. Vojnovic, Atlanta, Ga., for plaintiffs.

Susan A. Cahoon and Edmund M. Kneisel, Kilpatrick & Cody, Atlanta, Ga., for defendant.

## ORDER

VINING, District Judge.

The defendant in this age discrimination case requested the clerk to tax the following costs against the unsuccessful plaintiffs:

| | |
|---|---|
| Fees for witnesses | $1,035.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in case | 1,232.25 |
| Docket fees under 28 U.S.C. § 1923 | 77.50 |
| Costs incident to taking of depositions | 2,218.05 |
| Costs of videotaping and playback of deposition of L.O. Walser | 644.63 |
| LEXIS research | 1,242.43 |
| TOTAL | $6,449.43 |

The plaintiffs object to the inclusion of the following items in the taxation of costs: the expense of computer-assisted legal research (LEXIS), the charges for photocopying (which are given only as monthly totals), the expense of videotaping a deposition and showing the videotape at trial, the actual airline fare of a witness traveling a distance greater than 100 miles to the place of trial, and the amounts for certain depositions. This court is authorized under Rule 54(d) of the Federal Rules of Civil Procedure to review the clerk's taxation of costs and will consider each of the plaintiffs' objections separately.

A. Computer-Assisted Legal Research

■ As justification for its submission of its LEXIS time in this matter, the defend-

ant has pointed out that it believes costs of computer research are taxable in this district and cites as its authority *O'Donnell v. Georgia Osteopathic Hospital, Inc.,* 99 F.R.D. 578 (N.D.Ga.1983). The *O'Donnell* case, like the case *sub judice,* was brought under the Age Discrimination in Employment Act, but in that case, as a successful plaintiff, O'Donnell had a statutory right to an award of attorney's fees as well as costs. Judge Hall awarded attorney's fees in a related case at 99 F.R.D. 576 (N.D.Ga. 1983), awarded costs at 99 F.R.D. 578 (N.D. Ga.1983), and refused to disallow the expense of computer research although the plaintiff had included that item in her bill of costs rather than in her request for attorney's fees. The defendant's argument that the computer-assisted legal research item should be disallowed due to its submission as a cost was rejected by the court as a "form-over-substance" argument. Another judge in this district has declined to follow the *O'Donnell* case. Judge Shoob found instead that "expenses for computerized legal research fall within the rubric of attorney's fees rather than that of costs." *Friedlander v. Nims,* 583 F.Supp. 1087, 1089 (N.D.Ga.1984). This court also declines to follow *O'Donnell's* "form-over-substance" reasoning.

It is vital that courts distinguish the categories of costs and attorney's fees. A distinctive characteristic of American litigation is that each party must pay its own attorney's fees, often a hefty sum, although the successful party may shift its costs, traditionally an insignificant sum, to the unsuccessful party. Numerous policies may underlie the American rule, *see, e.g., Dowdell v. City of Apopka,* 698 F.2d 1181, 1189 n. 12 (1983), but basically the American system refuses to create any disincentive for a potential litigant by saddling an unsuccessful party with major expenses incurred by his opponent. The United States Supreme Court discussed the historical development of this traditional American rule against nonstatutory allowances to the prevailing party in *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), and

found that the American rule "is deeply rooted in our history and our Congressional policy." *Id.* at 263, 95 S.Ct. at 1624.

In keeping with the American approach, federal courts award attorney's fees only if they are specifically authorized by statute and award costs sparingly. Costs are awarded under the authority of Rule 54(d), Federal Rules of Civil Procedure but also within the constraints of 28 U.S.C. § 1920 which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The restraint a judge should use in characterizing a possible item as a taxable "cost" within one of the categories of section 1920 was described by Mr. Justice Black as follows:

We do not read that Rule [Rule 54(d)] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, indeed if not anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. There-

fore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute. Such a restraint in administration of the Rule is in harmony with our national policy of reducing insofar as possible the burdensome cost of litigation. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964). Using this restrained approach in reading 28 U.S.C. § 1920, this court finds that the expense of computer-assisted legal research is not specifically allowed by any section of that statute; therefore, the defendant's submission of LEXIS research in its bill of costs is hereby disallowed.

In the interest of clarity, this court notes that this decision is made in the ordinary context of the American rule, where costs but not attorney's fees are recoverable. There are several cases, in addition to *Friedlander v. Nims,* which hold that when the successful litigant is entitled only to his costs under 28 U.S.C. § 1920, computer-assisted legal research is not includable as such a cost. *Wolfe v. Wolfe,* 570 F.Supp. 826 (D.S.C.1983), *Babb v. Sun Co.,* 562 F.Supp. 491 (D.Minn.1983), *Dick v. Watonwan County,* 562 F.Supp. 1083 (D.Minn.1983), and *Guinasso v. Pacific First Federal Savings and Loan Ass'n,* 100 F.R.D. 264 (D.Or.1983). There are, however, certain situations where Congress has carved out broad policy-based exceptions to the American Rule and has dictated "cost-shifting" in order to encourage litigation under the theory that litigants acting as "private attorneys general" may help enforce important congressional policies, effect certain non-monetary remedies, and limit bureaucratic growth by placing enforcement of certain laws in private hands. *See Dowdell v. City of Apopka,* 698 F.2d at 1189, n. 12 (discussing Senate Report at 1–4, [1976] U.S.Code Cong. & Ad.News at 5908–11). These special situations with congressionally mandated "cost-shifting" include suits for violations of the civil rights statutes under 42 U.S.C. § 1988 and antitrust violations under 15 U.S.C. § 15. In addition, Congress favored plain-tiffs, but not defendants, in age discrimination suits with a statutory cost-shifting mechanism. Cases arising in these specific statutory situations focus on the reasonableness of the use of computer-assisted legal research rather than on the characterization of the charge as attorney's fees or as a cost. For example, in an antitrust case, *Pitchford Scientific Instruments Corp. v. Pepi, Inc.,* 440 F.Supp. 1175 (W.D. Pa.1977), *aff'd,* 582 F.2d 1275 (3d Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 242 (1979), the court stated that computer-assisted legal research "replaces by instantaneous ... retrieval, many hours which would be billable if performed by human talent." *Id.* at 1178. Another court, in awarding both attorney's fees and costs to a successful plaintiff in an age discrimination suit, stated, "Use of computer-aided legal research such as LEXIS or WESTLAW, or similar systems, is certainly reasonable, if not essential, in contemporary legal practice." *Wehr v. Burroughs Corp.,* 619 F.2d 276, 285 (3d Cir.1980). *See also United Nuclear Corporation v. Cannon,* 564 F.Supp. 581 (D.R.I.1983) (including LEXIS charges in a fee award in a civil rights case); *Independence Tube Corp. v. Copperweld Corp.,* 543 F.Supp. 706 (N.D. Ill.1982) (including the expense of computerized legal research in attorney's fees and costs award in an antitrust suit under the Clayton Act). These courts' statements accepting computer-assisted legal research expense when a statute allows both categories of expenses to be shifted are not applicable for the present situation where the categories must be kept distinct. This court does not question the result in *Pitchford Scientific Instruments Corp. v. Pepi, Wehr v. Burroughs, United Nuclear Corporation v. Cannon,* and *Independence Tube Corp. v. Copperweld Corp.,* but does question the applicability of their reasoning to the case *sub judice.*

To further clarify its holding, the court notes that it is unnecessary in resolving the case *sub judice* to decide whether the expense of computer-assisted legal research may be included in an award for attorney's

fees. In several of the cases which hold simply that computer-assisted legal research is not taxable as a cost, there is language which implies that the expense would never be allowable, even as attorney's fees. For example, there are statements that the use of the Westlaw computer is similar to the use of a typist and that both are "presumably incidental to the attorney's services," *Wolfe v. Wolfe*, 570 F.Supp. at 828, that "computerized legal research is an item of office overhead," *Guinasso v. Pacific First Federal Savings and Loan Ass'n*, 100 F.R.D. at 265 (quoting the conclusion of the clerk of the court), and that the cost of legal research, whether performed through the use of a computer, microfilm, or books, is part of the total cost of an attorney's services, along with the costs of the attorney's typing, word processing, office space, and paralegal assistance, *Friedlander v. Nims*, 583 F.Supp. at 1089.

This Court, by reaching the same result as *Wolfe, Guinasso*, and *Friedlander*, does not endorse those statements. First, since this court is reviewing a bill of costs submitted by a party who was entitled only to costs and not to attorney's fees, once the court determined that computer-assisted legal research did not fit in any cost category, the item was disallowed. Any statements discussing the attorney's fees category would be dicta. Second, this court is not convinced that these statements are sound in comparing the use of a LEXIS terminal by a lawyer to the use of a word processing equipment by a legal secretary or in comparing the expense for time used in on-line computer research to the expense of maintaining a traditional law library. The cost of the secretary's salary and the maintenance of the library are necessarily included in the attorney's hourly fee as a constant, static component of overhead, but as the charges for LEXIS time increase on a legal matter, the attorney's billable hours for that research should decrease. It is conceivable that the relationship of LEXIS time to attorney time is inverse rather than direct. A court with the factual basis of these comparisons before it, *see e.g., Unit-ed Nuclear Corporation v. Cannon*, 564 F.Supp. 581 (D.R.I.1983), might reasonably find that charges for LEXIS time should be recoverable as a substitute for attorney's fees. Third, such statements may unwittingly create an unfortunate set of incentives for attorneys. While footnote 3 of the *O'Donnell* opinion might encourage an attorney for a party in the position of the defendant here, one who could recover costs if successful but could not recover attorney's fees, to use excessive and expensive computer-assisted legal research, the quoted statements from *Wolfe, Guinasso*, and *Friedlander* may encourage attorneys to use traditional and inefficient research methods because the expense of computer research could never be recouped. For these reasons, this ruling does not reach the question whether the expense of computer-assisted research is recoverable within the attorney's fees category.

### B. Photocopying Charges

▆ In support of the defendant's request for $1,232.25 as "fees for exemplification and copies of papers necessarily obtained for use in case," the defendant attached as Exhibit D to its bill of costs a monthly breakdown of its "Reproduction Costs." The plaintiff has objected to the charge for photocopying expense because this exhibit does not reflect the cost per page nor does it indicate which photocopies were necessarily obtained for use in the case. The court will defer ruling on the photocopying expense until the defendant's counsel certifies that the submission includes only "copies of papers necessarily obtained for use in the case" as required by 28 U.S.C. § 1920(4) and notifies the court of the charge per page used in Exhibit D. In identifying for the court the photocopying costs that are taxable under section 1920, the plaintiff may include charges attributable to discovery, *see Independent Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706 (D.C.Ill.1982), if the charges were for copies of pleadings, correspondence, and other documents tendered to the defendants, *see Illinois v. Sangamo Construction Co.*, 657 F.2d 855 (7th Cir.1981).

Counsel may also include copies of exhibits and documents prepared for the court's consideration of its motion for summary judgment, *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124 (5th Cir.1976), copies of pleadings, motions, and memoranda, which were provided to this court, *Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. at 722, but may not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys. The deceptively simple statement in *Gillam v. A. Shyman, Inc.*, 31 F.R.D. 271 (D.Alaska 1962), that the expense of all copying which is necessary in order to prepare the case for trial is recoverable should not mislead counsel. This court will only allow photocopying charges that were necessary for discovery and for trial presentation and will not allow photocopying charges for the convenience, preparation, research, or records of counsel.

### C. Expense of Videotaping Deposition of L.O. Walser

■ The defendant presented a $600 charge for its videotaping of a deposition of a witness who would not be available at trial. The defendant contends that the taping took place upon the agreement of counsel. However, a better characterization might be that plaintiffs' counsel consented to the decision of defendant's counsel to preserve the testimony of a witness in a more effective, although more expensive, manner. The court finds that the cost of this videotape fits most appropriately under subsection (3) as a variant form of a witness fee, and the fee recovered for this videotaped testimony will be limited, as are other witness fees, by 28 U.S.C. § 1921, to $30.00 per diem.

### D. Travel Expenses of Witness from Distance Greater Than 100 Miles

■ Plaintiff objected to the submission of travel expenses for Mr. D.W. Rosenberg who flew from his residence in New Jersey to Atlanta to testify at the trial. Plaintiff argues that travel expenses should not be allowed for any witness brought in from beyond the effective territorial limit of the subpoena. It is within the discretion of a trial court to include in taxable costs the travel expenses of witnesses who come from outside the 100 mile range of subpoena power as established by Rule 45(e). *See Dasher v. Mutual Life Insurance Company of New York*, 78 F.R.D. 142, 144 (S.D. Ga.1978). Mr. Rosenberg's testimony was significant for trial, and the court will allow the actual expense of his airline travel as authorized by 28 U.S.C. § 1821(c)(1).

### E. Amounts for Certain Depositions

■ The defendant has submitted expenses for sixteen depositions. The plaintiffs challenge the allowance of copies of depositions for witnesses who were not called to testify at trial (four of the sixteen people who were deposed actually testified) and of depositions not used to support the defendant's motion for summary judgment (five depositions were submitted with that motion). The defendant argues only that it used all sixteen depositions extensively; it does not show the necessity of the depositions. The court finds that only two depositions were necessary. The deposition of Mr. A.W. Wolff was actually introduced at trial. In addition, the court will allow the expense of the stenographic transcript of the deposition of Mr. L.O. Walser. Mr. Walser's deposition was introduced at trial by showing the videotape rather than by reading from the transcript, but the court finds that due to the unwieldy nature of the videotape medium, the written transcript was reasonably necessary for the attorneys' preparation.

### F. Summary

The court hereby DISALLOWS the defendant's submission of its computer-assisted legal research expenses, ALLOWS the cost of preserving and showing the videotape of the testimony of Mr. L.O. Walser, but only to the extent of the standard witness fee of $30 per diem, ALLOWS the actual airline fare of Mr. D.W. Rosenberg, ALLOWS the cost of the depositions of Mr.

A.W. Wolff and Mr. L.O. Walser, and DEFERS ruling for 20 days on the amount of photocopying expenses which will be recoverable in order to permit counsel to certify the necessity and the basis for the photocopying expense which has been submitted.

In conclusion, after adjustment of the cost figures submitted by the defendant, the following amounts are ALLOWED:

| | |
|---|---:|
| Fees for witnesses (including an adjustment of $30 for the witness fee for Mr. L.O. Walser) | $1,075.00 |
| Fees for copies | (to be determined) |
| Docket fees | 77.50 |
| Costs incident to taking of depositions of Mr. A.W. Wolff and Mr. L.O. Walser | 417.90 |

Counsel for the defendant is hereby ORDERED to provide the court with a more detailed submission of its photocopying expense within 20 days from the date of this order.

## ON CERTIFICATION AND MOTION FOR RECONSIDERATION

On September 7, 1984, this court reviewed the bill of costs submitted by the successful defendant in this age discrimination case. The court deferred ruling on one item, the amount that would be awarded under 28 U.S.C. § 1920(4) as fees for "exemplification and copies of papers necessarily obtained for use in the case."

### I. Certification by Attorneys of the Remaining Item in Bill of Costs

The defendant's attorneys previously submitted a $1232.25 figure based only on monthly photocopying totals. Upon this court's request, the defendant's attorneys have now submitted a detailed explanation of this photocopying expense, certifying that their calculations are based on a 15¢ per page rate and including the following items:

Pleadings, exclusive of jury charges:
  $301 \times 2 = 602$

Jury charges:
  $59 \times 3 = 177$

Trial exhibits:
  $91 \times 1 = 91$

Discovery pleadings:
  $104 \times 1 = 104$

The attorneys sought to justify their multiplication by explaining that they made one service copy and one duplicate filing copy (as required by Local Rule 151.4) of all pleadings except jury charges and that they made a service copy and two duplicate filing copies of jury charges (as required by Local Rule 201.1). Local Court Rule 151.5, regarding the filing of pleadings, is worded differently than Local Court Rule 201.1, on the preparation of Requests to Charge, with the first rule referring to duplicate copies and the latter rule referring to triplicate copies, but the effect is the same. Attorneys are required under both rules to supply an original for the court, a duplicate for the clerk, and a service copy for the opposing attorney. Therefore, the jury charges, just as the pleadings, should be multiplied by two. With that adjustment to their calculations, the attorneys have certified the necessity of 915 pages. The court hereby ALLOWS $137.25 for the photocopying item in the bill of costs.

### II. Request for Reconsideration or Clarification

The defendant has requested reconsideration or clarification of two points in the September 13, 1984, order: (1) the allowance of reimbursement only for the copies of pleadings and trial exhibits filed with the court but not for copies retained by counsel and (2) the allowance of reimbursement for two depositions tendered into evidence at trial but not for five depositions used in connection with the defendant's successful motion for summary judgment.

#### A. Disallowance of Reimbursement for Copies of Pleadings and Exhibits Retained by Counsel

The defendant cites *United States v. Kolesar*, 313 F.2d 835 (5th Cir.1963), for the proposition that busy attorneys should not be required to travel to the clerk's office each time they need to review files. The discussion in *United States v. Kolesar* relates to reimbursement for copies of depositions, not for the attorney's copies of pleadings and exhibits. As discussed in the

previous order, courts are restrained by a careful statutory analysis for each item of a bill of costs. While *United States v. Kolesar* is helpful in deciding whether the costs of a stenographic transcript should be awarded under 28 U.S.C. § 1920(2), it is not applicable to the decision whether photocopying expense is reimbursable under 28 U.S.C. § 1920(4). The following statement is a clear explanation of the necessity required for copies under subsection (4):

> Photocopying charges attributable to discovery and the court's copies of pleadings, motions, and memoranda are "reasonable necessary for use in the case" and can be awarded. Extra copies of filed papers and correspondence, and copies of cases, however, are not necessary but are for the convenience of the attorneys and therefore not taxable.

*Independence Tube Corp. v. Copperweld Corp.*, 543 F.Supp. 706, 722 (N.D.Ill.1982).

B. Disallowance of Reimbursement for Costs of Depositions Not Adequately Identified as Necessary for Motion for Summary Judgment

 In the previous order, this court awarded the costs of two depositions which were tendered into evidence at the trial. The court's allowance of the costs of those two depositions does not mean, as suggested in the defendant's motion for reconsideration, that this court would not award the costs of depositions used in supporting a successful motion for summary judgment. Such an award is appropriate when the attorneys can point to the use of the depositions with some particularity. Considering, however, the strong policy of the American system against the shifting of litigation expenses, a general statement by the attorneys that the parties and the court relied on five depositions for an order granting summary judgment is not sufficient; the party seeking reimbursement must show how the depositions were necessary for the court's disposition of the motion. This court's ruling, therefore, was consistent with *Jeffries v. Georgia Residential Finance Authority*, 90 F.R.D. 62 (N.D.Ga.1981), and reconsideration is unnecessary.

In summary, the defendant's motion for reconsideration is hereby DENIED, and the court hereby ALLOWS $137.25 for photocopying expense under 28 U.S.C. § 1920(4). This court's review of the bill of costs is now complete and the items, as allowed in this order and the previous order, may now be included in the judgment.