**Forrest R. JAMISON and Diana L. Jamison, Plaintiffs,**

**v.**

**Cathy Marie COOPER, David Carlton and Darrell H. Carlton, Defendants.**

**Civ. A. No. C83–0610A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 25, 1986.

William C. Lanham, Lanham & McGehee, P.C., Atlanta, Ga., for plaintiffs.

Edward L. Savell, John C. Parker, Savell, Williams, Cox & Angel, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This action is before the court on defendants' motion for review of costs. Each objection to plaintiffs' taxation of costs will be considered *seriatim*.

## I. COPIES OF DEPOSITIONS.

■ Defendants first object to the taxing of the costs of copies of depositions taken by plaintiffs. Copies of depositions taken by the prevailing party are ordinarily not taxable as costs. *See George R. Hall, Inc. v. Superior Trucking Company*, 532 F.Supp. 985, 995 (N.D.Ga.1982). Judge Hall described the rationale behind this rule as follows:

> The local rules require that if discovery materials are to be used at trial or are necessary to a pre-trial or post-trial motion, the portions to be used shall be filed with the clerk at the outset of the trial or at the filing of the motion insofar as their use can be reasonably anticipated. Since the party taking the deposition is allowed an opportunity to hold on to that deposition, a copy ordered for the parties' reference in the event the original is submitted to the court will ordinarily be only for that party's convenience.

*Id.* at 995.

■ This general rule applies with particular force to the depositions of Dr. Robert Stein, Nancy Ratcliff, and James S. McElhiney. Plaintiffs seek to tax $268.25 for the originals and one carbon copy of these depositions. The separate cost for the copy is not indicated by plaintiffs. Because the cost of the convenience copies must be disallowed, the total cost of these depositions will be disallowed with leave for plaintiffs to request only the cost of the original depositions.

■ Although the foregoing deposition copies were clearly used for convenience of plaintiffs, the same cannot be said for the copies of the depositions of Cathy Cooper, David Carlton, and Darrell Carlton. Plaintiffs apparently cooperated in filing the original copies of these depositions with the court in support of defendants' motions for summary judgment. *See* Letter of John C. Parker to Ben H. Carter, September 9, 1983. Because plaintiffs voluntarily relinquished custody of the original copies for purposes other than supporting their own motions or their own presentation of the case, the court finds that copies of these depositions used extensively by plaintiffs in preparation for and at trial were necessary costs incident to the taking of depositions. 28 U.S.C. § 1920.

In sum, $268.25 in expenses incurred in the taking of depositions of Dr. Robert Stein, Nancy Ratcliff and James S. McElhiney are disallowed. Plaintiffs are given leave to renew their request for these costs with proof of the expense incurred in purchasing original copies only.

## II. VIDEOTAPE PRODUCTIONS OF DEPOSITIONS.

Defendants also object to the taxing of expenses incurred in obtaining videotapes for the depositions of Dr. Craig Ferrell and Dr. Robert Stein. With regard to taxation of videotape depositions, the court notes that the expenses of videotaping and re-playing a deposition have been limited to per diem witness fees. See Fressell v. AT & T Technologies, Inc., 103 F.R.D. 111, 116 (N.D.Ga.1984). A consideration of Rule 30(b)(4) allowing the recordation of a deposition by videotape leads this court to conclude that a videotaped deposition is more appropriately taxed as is any other deposition expense. Rule 30(b)(4) provides that parties may stipulate or the court may order that testimony be recorded by other than stenographic means. "A party may arrange to have a stenographic transcription made at his own expense." Fed.R. Civ.P. 30(b)(4). This rule contemplates that the party requesting a deposition may seek a videotaped recording for use at trial or otherwise, but must personally bear the expense of supplementing such recording with a stenographic transcription. For the purposes of the taxation of costs, it follows that a prevailing party who has noticed and videotaped a deposition may be allowed the costs of videotaping, but will not be allowed the costs of stenographic transcription in addition to the cost of videotaping.

Plaintiffs in this action incurred $606.50 in videotaping and replaying the depositions of Dr. Craig Ferrell and Dr. Robert Stein. Plaintiffs seek to tax these costs as well as the costs of transcribed depositions of these two expert witnesses. In particular, plaintiffs seek to tax defendants in the amount of $160 for Dr. Ferrell's transcript and $343.25 for the transcript of Dr. Stein.

This latter figure actually reflects the costs of transcribing and typing the depositions of Dr. Robert Stein, Nancy Ratcliff, and James S. McElhiney. No segregation of the cost for Dr. Stein's deposition was provided by plaintiffs.

Because defendants may not be taxed properly with the costs of both a videotape and stenographic copy of these depositions, the court will disallow the cost of the stenographic copies. Therefore, $160 for the cost of the Farrell transcript and $343.25 for the cost of the Stein transcript will be disallowed. A portion of the latter figure has already been disallowed when addressing the question of deposition copies. Only the cost of Dr. Stein's original deposition and an additional $75 representing the court reporter's attendance fee are being disallowed at this time. Of course, because the court is disallowing a gross figure representing the costs of deposing Dr. Stein, Ms. Ratcliff and Mr. McElhiney, plaintiffs are given leave to renew their requests for the costs of the depositions of Ms. Ratcliff and Mr. McElhiney.

## III. DIAGRAMS, TRIAL FLIMSIES AND PHOTOGRAPHS.

Plaintiffs further object to the taxing of diagrams of the accident scene, trial flimsies used by plaintiffs on an overhead projector, and photographs of the accident scene. Although it may be argued that the cost of such items is not strictly encompassed by the statutory provision allowing for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case," 28 U.S.C. § 1920(4), most courts view such expenses as taxable where they are necessarily obtained for use in the case. United States v. Ernst & Whinney, 557 F.Supp. 1152, 1156 (N.D.Ga. 1983); see generally 6 Moore's Federal Practice, ¶ 54.77[6]. This court has noted that admission of such materials as evidence serves as a good indicator of necessity. See Ernst & Whinney, 557 F.Supp. at 1156. The diagram of the intersection of the accident as well as the photographs of the scene of the accident were admitted

into evidence. The court concludes that these items assisted the jury in understanding the facts surrounding the accident and were reasonably necessary for the plaintiffs' presentation of their case. The same cannot be said for the trial flimsies. These opaque, plastic sheets were used by plaintiffs primarily as a convenient way of presenting and summarizing evidence bearing on issues such as damages. For the foregoing reasons, the costs of trial flimsies in the amount of $6.78 will be disallowed.

### IV. WITNESS FEES.

■■■ Defendants' final objection concerns taxation of witness fees and travel expenses. First, defendants object to the taxing of the travel costs of James Jamison, the brother and eye-witness to the collision, and of Mrs. Calvin Jamison, the plaintiff's mother who cared for him after the accident. Defendants argue that these witnesses' travel expenses beyond the 100-mile subpoena power of the court is improper. Of course, the award of travel expenses beyond the 100-mile subpoena power is within this court's discretion and depends upon a showing of special circumstances. *O'Donnell v. Georgia Osteopathic Hospital, Inc.*, 99 F.R.D. 578, 580 (N.D. Ga.1983). In light of the fact that these witnesses were clearly necessary and material to plaintiffs' case and similar testimony could not have been obtained from any other witnesses residing near Atlanta, the showing of special circumstances necessary to allow taxing of their total travel expenses has been made. *See id.* Having said that, the court is not willing to allow these witnesses who traveled together to tax the costs of their travel by private automobile twice. Plaintiffs do not deny defendants' representation that the Jamison's rode in a single automobile from Tennessee to Atlanta for the trial. Therefore, only one recovery of the travel cost of twenty-five cents per mile for the 450-mile

trip will be allowed, or $112.50. *See* 28 U.S.C. § 1821; 5 U.S.C. § 4704. This is substantially less than the $180 per witness claimed by plaintiffs. This claim was based upon an inflated, unauthorized figure of forty cents per mile and represented a double taxation of the same travel costs. Consequently, $247.50 will be disallowed in travel expenses for these witnesses.

Defendants point out that the same inflated mileage figure was used to calculate travel expenses of P.L. Turner and J.R. Vincent. A recalculation of their travel expenses from the inflated amount of $8.00 per person to $5.00 per person results in a disallowance of $6.00 in travel expenses for these witnesses.

■■■ Finally, defendants object to the taxing of plaintiff Forrest Jamison's costs for attendance at deposition as the cost of a witness. Witness fees and expenses for a party are not an allowable item of costs. *Morrison v. Alleluia Cushion Company, Inc.*, 73 F.R.D. 70, 71 (N.D.Miss.1976); *see* 28 U.S.C. § 1821.[1] Therefore, $180 in witness fees and expenses for plaintiff Forrest Jamison incurred in attending a deposition is disallowed.

### V. CONCLUSION.

The following items of costs sought to be taxed by plaintiffs are disallowed:

| | |
|---|---|
| Costs for copies of Depositions of Dr. Robert Stein, Nancy Ratcliff & James S. McElhiney | $268.25 |
| Costs of Stenographic Transcriptions of Depositions of Dr. Craig Farrell & Dr. Robert Stein | 235.00 |
| Trial Flimsies | 6.78 |
| Excess Travel Costs of James Jamison & Mrs. Calvin Jamison | 247.50 |
| Excess Travel Costs of T.L. Turner and J.R. Vincent | 6.00 |
| Witness Fees and Expenses for Plaintiff Forrest Jamison | 247.50 |
| TOTAL DISALLOWED COSTS | $943.53 |

Plaintiffs are given leave to request the actual costs of one copy of the depositions

---

1. Plaintiffs' reading of this case is unsupported. The case stands for the proposition that witness fees and expenses may not be recovered by a party as witness. The allowance of the deposi-

tion costs of the plaintiff in that case reflected the cost of a stenographic transcription rather than the witness fees of the plaintiff. *See id.* at 72.

of Nancy Ratcliff and James S. McElhiney. Subject to plaintiffs' right to request such costs, plaintiffs are hereby awarded $2,125.24 in costs as prevailing parties. Fed.R.Civ.P. 54(d).