**SHERRY MANUFACTURING COMPANY, INC., a Florida Corporation, Plaintiff-Appellant,**

v.

**TOWEL KING OF FLORIDA, INC., a Florida Corporation, Defendant-Appellee.**

**No. 86–5552.**

United States Court of Appeals, Eleventh Circuit.

July 29, 1987.

Jack E. Dominik, Dominik & Saccocio, Miami Lakes, Fla., for plaintiff-appellant.

Eugene F. Malin, Malin, Haley & McHale, Edward F. McHale, Ft. Lauderdale, Fla., for defendant-appellee.

Before GODBOLD and ANDERSON, Circuit Judges, and SWYGERT,[*] Senior Circuit Judge.

ANDERSON, Circuit Judge:

This case returns to our court for a second time, this time to determine whether the district court properly assessed attorney's fees. Because we are unable to determine the basis for the district court's decision awarding attorney's fees of $54,500 to defendant, we vacate and remand this case to the district court to clarify the basis upon which it exercised its discretion.

## I. BACKGROUND

Sherry Manufacturing Company ("Sherry") brought suit in federal district court against Towel King of Florida ("Towel King") alleging copyright infringement and unfair competition. In essence, Sherry's complaint alleged that Towel King had copied and distributed a beach towel which used one of Sherry's copyrighted designs.

The trial court agreed and entered judgment in favor of Sherry for $87,920.20. In addition, the trial court awarded Sherry $10,000 in attorney's fees.

On appeal, a panel of this court reversed. *Sherry Manufacturing Co. v. Towel King of Florida, Inc.*, 753 F.2d 1565 (11th Cir.1985). We concluded that Sherry's towel was not, in and of itself, copyrightable since it was merely a trivial modification of a Sherry towel design which was in the public domain. Consequently, since we concluded that Sherry could not copyright its towel design, we reversed the district court's judgment in favor of Sherry and held that, as a matter of law, judgment should be entered in favor of Towel King.[1]

Upon remand the district court referred the matter to Magistrate Nimkoff. Following two lengthy hearings, Magistrate Nimkoff determined first, that attorney's fees should be awarded to defendant Towel King and, second, that a reasonable amount for the award would be $88,500. Sherry appealed this determination to the district court. Following yet another hearing, the district court agreed that the award of attorney's fees was proper but reduced the amount to $54,500. Sherry now appeals from this judgment against it.

## II. DISCUSSION

Our review of the district court's order awarding attorney's fees is of course limited to the question of whether the district court abused its discretion. *See Donald Frederick Evans & Associates v. Continental Homes, Inc.*, 785 F.2d 897, 916

---

[*] Honorable Luther M. Swygert, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. By a separate order, this court denied Towel King's motion for attorney's fees on appeal in the amount of $76,488.25. Sherry argues that this court's denial of attorney's fees on appeal is law of the case which would prevent the district court from awarding attorney's fees to Towel King for its trial work. We disagree. Our determination that Towel King is not entitled to attorney's fees for the work it did in perfecting its earlier appeal to this court does not foreclose the district court's independent determination that fees are appropriately awarded for work undertaken by Towel King in preparation for trial.

Sherry's reliance upon *Serbin, Inc. v. Key West Hand Paint Fabrics, Inc.*, 381 F.2d 735 (5th Cir.1967), is also misplaced. In *Serbin*, the former Fifth Circuit did nothing more than remand a case to the district court for a determination of fees on appeal. That we eschewed this procedure in the instant case and summarily denied Towel King's motion for appellate fees can in no way be taken as an expression of our opinion on the merits of Towel King's claim for fees at the trial level.

(11th Cir.1986). Sherry contends that the district court abused its discretion by applying an incorrect standard in making its attorney's fees determination. We are unable to determine from the district court's brief order whether this is the case.[2] Moreover, in order for this court to discharge its responsibility to review the judgment of the district court, even pursuant to the limited abuse of discretion scope of review, we must be able to ascertain the basis upon which the district court exercised its discretion. Accordingly, we must vacate the order and remand this case to the district court. On remand the district court shall exercise its discretion in accord with the law of this circuit[3] and provide reasons for its decision.

■ In order to assist the district court, we summarize the standard which it should apply in exercising its discretion. Our rule governing the award of attorney's fees in a copyright case was first articulated in *Original Appalachian Art Works, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir.1982). In reviewing the award of attorney's fees to prevailing plaintiff, this court concluded that the district court has discretion to award fees to any prevailing party. A prevailing party is not required, as a precondition to the award of fees, to show that the losing party has acted in bad faith or that the losing party has attempted to maintain a frivolous legal claim. Rather, the only precondition to the award of attorney's fees is that the party be a prevailing one. However, the fact that a losing party has acted in good faith or that his legal position had arguable merit will justify an exercise of the district court's discretion in deciding not to award attorney's fees.

■ *Donald Frederick Evans*, 785 F.2d at 916, applied this same rule to the award of attorney's fees to a prevailing defendant. A prevailing defendant need not, as a precondition to the award of fees, establish that the plaintiff was acting in bad faith or had brought a frivolous suit. However, the losing plaintiff's good faith is a factor which the district court can consider in its discretion to justify the denial of fees. Moreover, as the *Donald Frederick Evans* court emphasized, an order denying fees to a prevailing defendant who has been opposed by a good faith plaintiff is "all the more appropriate ... where the plaintiff asserted colorable copyright claims of the type which 'section 505 is intended in part to encourage.'" *Id.* (quoting *Diamond v. Am-Law Publishing Corp.*, 745 F.2d 142, 148 (2d Cir.1984)).

2. The district court's order awarding attorney's fees reads in relevant part:

> THIS CAUSE is before the court on remand from the Eleventh Circuit Court of Appeals for entry of judgment for the Defendant TOWEL KING OF FLORIDA, INC. and on the Defendant's application for attorney's fees under Title 17 of the United States Code, section 505.
> The court having considered the matter upon the Report and Recommendation of the United States Magistrate, upon review of the record herein, and upon oral argument in the premises by counsel for the parties, it is thereupon
> ORDERED AND ADJUDGED as follows:
> .        .        .        .        .
> The Defendant's motion for attorneys' fees and costs are GRANTED. The Defendant shall recover its attorneys' fees in the amount of FIFTY–FOUR THOUSAND, FIVE HUNDRED DOLLARS ($54,500), exclusive of costs, for which sum let execution issue forthwith. The court finds that the amount determined by the United States Magistrate was excessive, and accordingly reduces the recommended amount. More particularly, the court concludes that the propriety of a $75 to $90 per hour associates' rates cannot be supported by this record. The lesser amount appears to be reasonable under the circumstances of this case.
> Record on Appeal, vol. 6, Tab 396.

3. Appellant Sherry asks this court to repudiate the test this circuit has previously developed and instead recognize a distinction between the award of fees to a prevailing plaintiff and an award to a prevailing defendant. *See, e.g., Diamond v. Am-Law Publishing Corp.*, 745 F.2d 142 (2d Cir.1984). Sherry apparently does not understand the precedential effect given to prior panel decisions by members of this circuit. Absent reconsideration en banc or a contrary decision by the Supreme Court, a panel decision of this circuit is binding upon all future panels. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981). Even if we agreed with Sherry that the rule adopted by the Second Circuit were a preferable one, we would not be free to adopt it here.

In the instant case, Sherry argued to the district court that its suit was brought in good faith and that consequently the district court should deny defendant's application for attorney's fees. Under our rule, a finding by the district court that Sherry brought a colorable copyright claim in good faith would amply justify a denial of fees.

On the other hand, a finding that Sherry was in good faith would not mandate a denial of fees to Towel King, since it is not a precondition to an award to show that the losing party acted in bad faith or brought a frivolous claim. Moreover, Magistrate Nimkoff, in the hearings held before him, concluded that Sherry had "initiated a predatory lawsuit for commercial gain." [4] Such a finding would, if accepted by the district court, support the award of fees to Towel King.

However, we cannot tell from the district judge's order whether he accepted the Magistrate's finding that Sherry was not in good faith, or whether he found Sherry to be in good faith but nevertheless awarded fees on some other basis. Without knowing, we cannot discharge our review function.[5]

**VACATED AND REMANDED.**

---

**4.** Sherry argues that the Magistrate's finding is clearly erroneous since its initial success before the district court conclusively proves good faith. This is incorrect. Although Sherry's initial success is relevant and does support Sherry's argument that it brought a colorable copyright claim, it is not conclusive on the good faith issue.

**5.** Sherry argues that it is also entitled to attorney's fees because it prevailed in its defense against Towel King's one million dollar unfair competition counterclaim. Of course, this misconceives the notion of what constitutes a prevailing party. We must look to the central issues in the case, not the periphery. *Cf. Miami Herald Publishing Co. v. City of Hallandale,* 742

F.2d 590 (11th Cir.1984) (applying central issue test to award of attorney's fees under 42 U.S.C. § 1988). Plainly here Towel King has prevailed upon the central issue. It remains free to manufacture and distribute the towel design which had, allegedly, infringed upon Sherry's copyright. Thus, for Towel King, the litigation was an almost complete success. Conversely, for Sherry, the litigation was an unmitigated failure. Moreover, to the extent that Sherry did "prevail" upon its counterclaim, Magistrate Nimkoff reduced by 15% the attorney's fees sought by Towel King; this reflects the effort expended by Towel King in its unsuccessful pursuit of the counterclaim.