Gail **BREWER–GIORGIO,**
et al., **Plaintiffs.**

v.

Melvin B. **BERGMAN,** et al., **Defendants.**

No. Civ.A. 1:95–0147–JOF.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 26, 1997.

Negendra Setty, Kilpatrick Stockton, Atlanta, GA, Lawrence K. Nodine, William H. Needle, Yahn W. Bernier, Allan G. Altera, Needle & Rosenberg, Atlanta, GA, Scott Douglas Sanders, Sanders & Hunter, Atlanta, GA, for plaintiffs.

June Ann Sanders, Lesley G. Carroll, Troutman Sanders, Atlanta, GA, Joseph R. Bankoff, Louis Norwood Jameson, King & Spalding, Atlanta, GA, Gary E. Gans, Richards, Watson & Gershon, Los Angeles, CA, C. James McCallar, Jr., Mark Bulovic, McCallar & Associates, Savannah, GA, Thomas L. Kirbo, III, Kirbo & McCalley, Moultrie, GA, Glenn A. Kirbo, Kirbo, Kirbo, Finney & Booker, Albany, GA, for defendants.

### ORDER

FORRESTER, District Judge.

This matter is before the court on Defendant Micki Guzman's motion for an award of attorneys' fees [111–1], Defendants All American Television, Inc., Syd Vinnedge, and WGNX, Inc.'s motion for attorneys' fees [112–1], and Plaintiffs' renewed motion for default and default judgment [115–2] against Defendant Producers' Video, Inc.

### I. STATEMENT OF THE CASE

On January 20, 1995 Plaintiffs Gail Brewer–Giorgio and Arctic Corporation, Incorporated, filed the instant suit against Defendants alleging that they had engaged in copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.,* and had committed various state law torts. In their complaint, Plaintiffs contended that Defendants' production and broadcast of a television show entitled "The Elvis Conspiracy"

had infringed copyrights that Plaintiffs held in several books which advocated the theory that Elvis was still alive.[1] On September 27, 1996 this court granted Defendants' motion for summary judgment on the claim for copyright infringement and declined to continue to exercise pendent jurisdiction over the remaining state law claims. (*See* Court Order of September 27, 1996). On October 1, 1996, therefore, the Clerk entered judgment and awarded costs in this action in favor of the Defendants.

On October 15, 1996 Defendant Guzman filed her motion for an award of attorney's fees in the amount of $87,548.50 pursuant to 17 U.S.C. § 505. On the same day, Defendants All American, WGNX, and Vinnedge filed a separate motion for an award of their attorneys' fees. Defendants All American, WGNX, and Vinnedge filed a Bill of Costs on October 21, 1996 seeking the award of $4,021.23 in costs. Defendant Guzman filed her Bill of Costs in the amount of $1,675.06, on October 31, 1996.

Plaintiffs have objected to the award of attorneys' fees on various grounds and have challenged the Bills of Costs submitted by Defendants. Plaintiffs have also moved for an entry of default against Defendant Producers' Video, Incorporated ("PVI").

### II. DISCUSSION

#### A. *Plaintiffs' Renewed Motion for Default*

On October 28, 1996 Plaintiffs filed a renewed motion asking this court to rule on their original motion for default which they had filed on August 11, 1995.

Plaintiffs' August 11, 1995 motion for default asked the Clerk of Court to enter a Fed.R.C.V.P. 55(a) default against Defendant PVI for failure to file an answer to the complaint. According to the docket, the Clerk of Court entered a Rule 55(a) default on October 28, 1996.[2] Therefore, the court

---

**1.** The three works are the published books *Is Elvis Alive, The Elvis Files,* and the unpublished book *Operation Fountain Pen.*

**2.** Fed.R.Civ.P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief

is sought has failed to plead or otherwise defend ... and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

concludes that Plaintiffs have already been granted the full relief that they requested in their prior motion.

■ The court notes, however, that in their renewed motion, Plaintiffs also appear to ask this court to enter default judgment. In neither their original motion nor their renewed motion for default did Plaintiffs offer any legal brief with supporting authority for the entry of default judgment. In particular, Plaintiffs have made no argument as to how the well-pleaded allegations in their complaint warrant the entry of default judgment on any of their claims. *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir.1975).[3] Furthermore, it does not appear to the court that damages are a sum certain which can be calculated without a hearing or a motion for summary judgment. *See* Fed.R.Civ.P. 55(b). In any event, should Plaintiffs wish to obtain a default judgment, they should file, within thirty (30) days of receipt of this Order, a motion for default judgment. This motion should be accompanied by a legal brief containing supporting legal authority for the entry of default judgment.

Accordingly, to the extent that Plaintiffs may be requesting default judgment in the present motion, the court DENIES such a request with leave to renew. The court also notes that Defendant Bergman remains a Defendant in this action and has apparently not filed an answer or any other response pleading. Plaintiffs should therefore also inform the court whether they intend to pursue the claims against Defendant Bergman or dismiss them.

### B. *Defendants' Motion for Attorneys' Fees*

The Copyright Act, 17 U.S.C. § 505, provides that, in any civil action for copyright infringement, the court may in its discretion award "a reasonable attorney's fee to the prevailing party as part of the costs." The Supreme Court, consistent with the statutory language, has recently rejected any interpretation of this provision that would require a court to award attorneys' fees 'as a matter of course' to the prevailing party. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 533, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994). In the same opinion, the Court confirmed the view that the same standard should apply under this statute whether the party seeking the award of fees is a plaintiff or a defendant. *Id.* at 534–35, 114 S.Ct. at 1033.

■ The Supreme Court has cited with approval a non-exclusive list of factors that a court may consider in exercising its discretion to award or deny fees. *See Fogerty,* 510 U.S. at 534–35, 114 S.Ct. at 1033. These factors include " 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.' " *Id.* at 535 & n. 19, 114 S.Ct. at 1033 & n. 19 (quoting *Lieb v. Topstone Industries, Inc.,* 788 F.2d 151, 156 (3d Cir. 1986); *Diamond Star Bldg. Corp. v. Sussex Co. Builders, Inc.,* 30 F.3d 503, 505 (4th Cir.1994) (citation omitted). The Supreme Court noted, however, that in applying these and other factors the district court should remain faithful to the purposes of the Copyright Act. *Fogerty,* 510 U.S. at 535 n. 19, 114 S.Ct. at 1033 n. 19. These purposes include the discouraging of infringement and the enriching of the public through access to creative works. *Id.* at 527, 114 S.Ct. at 1030.

Prior to *Fogerty,* the Eleventh Circuit had held that section 505 only placed two conditions on an award of fees: (1) that the party seeking them is a "prevailing party;" and (2) that the fees awarded are reasonable. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d 821, 832 (11th Cir.1982) (citations omitted). The Eleventh Circuit had also stated that there was no requirement in the copyright statute that the prevailing party demonstrate that the suit was frivolous or that the infringement was willful in order for the district court to award fees. *Donald Frederick Evans & Assoc.,* 785 F.2d at 916 (citing *Original Appalachian Artworks, Inc.,*

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

684 F.2d at 832). However, even pre-*Fogerty*, it was clear that district courts could take such factors into account when considering whether an award of fees is appropriate. *See Major Bob Music v. Stubbs*, 851 F.Supp. 475, 482–83 (S.D.Ga.1994). In fact, the Eleventh Circuit even recognized that a denial of fees may be appropriate when the legal issues are complex, the plaintiff acted in good faith, and the claims are of a type which "section 505" is designed to encourage. *Donald Frederick Evans & Assoc., Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 916–17 (11th Cir.1986); *see Sherry Mfg. Co. v. Towel King of Fla., Inc.*, 822 F.2d 1031, 1034–35 (11th Cir.1987) (a finding by district court that plaintiff brought a colorable copyright claim in good faith would amply justify denial of fees to prevailing defendant). Moreover, in a recent opinion, the Eleventh Circuit utilized the factors suggested by the Supreme Court in *Fogerty* in reviewing and affirming a district court's refusal to award fees in a copyright case. *See Jacob Maxwell, Inc. v. Veeck*, 110 F.3d 749, 754 (11th Cir.1997). As a result, the court will exercise its discretion in light of those factors.

■ The initial determination that the court must make is whether it should award attorneys' fees to Defendants. Plaintiffs make several procedural arguments as to why Defendants are not entitled to fees. The court, however, finds these arguments unavailing. First, Plaintiffs argue that Defendant Vinnedge's memorandum requesting attorneys' fees should be stricken as untimely. They argue that, since Judgment was entered in this case on October 1, 1996, Defendant Vinnedge had to file his motion for attorneys' fees by October 15, 1996. *See* Fed.R.Civ.P. 54(d) (request for attorneys' fees must be filed no later than 14 days after entering of judgment). Although Defendants All American and WGNX, Inc., filed their request on October 15, Vinnedge's name was not in the motion's caption. As a result, Defendants amended their motion on October 23, 1996 by simply adding Vinnedge to the caption. It is this latter action to which Plaintiffs object as being untimely. The court finds that when Defendants' counsel signed the request filed on October 15, they signed it for Defendant Vinnedge as well and

the October 23 amendment did not request any additional fees. The court therefore concludes that Defendant Vinnedge's request was included in the timely request filed on October 15, 1996, and his name was omitted by an error that was later corrected. Second, Plaintiffs argue that Defendant Guzman's motion for attorneys' fees, filed on October 15, 1996, was deficient because it did not include a legal memorandum as required by Local Rule 7.1(a). However, upon reading Defendant Guzman's motion, it states that fees are sought pursuant to 17 U.S.C. § 505. As a result, the court finds that the motion included supporting authority and was not deficient.

■ As to the merits of whether Defendants are entitled to an award of attorneys' fees, in its September 27, 1996 Order, this court granted summary judgment in favor of Defendants on Plaintiffs' copyright infringement claims. As a result, they are clearly the prevailing parties on those claims. The court next considers the non-exclusive list of factors suggested by the Supreme Court in *Fogerty*. *See Jacob Maxwell, Inc.*, 110 F.3d at 754; *Rosciszewski v. Arete Assoc., Inc.*, 1 F.3d 225, 234 (4th Cir.1993).

### 1. Motivation

First, the court may look at the motivation of the plaintiff. *Jacob Maxwell, Inc.*, 110 F.3d at 754. Plaintiffs argue that this case was brought in good faith to protect their rights. They argue that their good faith can be seen by the fact that they dismissed several defendants as the action progressed after conversation with opposing counsel. Defendants All American, WGNX, and Vinnedge, in response, argue that Plaintiffs' late attempt to amend the complaint to include a claim for infringement of copyrights in some draft scripts showed their bad faith. Defendant Guzman argues that the fact that Plaintiffs implicated her personal assets illustrates an improper motive.

After careful consideration, the court finds no indication that Plaintiffs brought these claims in bad faith or with any malicious intent. Although this court denied Plaintiffs' motion to amend, it did not rely on any

finding of bad faith in its decision. Instead, the court found that the claims Plaintiffs sought to amend the complaint to include were futile because they were barred by the statute of limitations. The court also denied the motion to amend because it would have prejudiced Defendants to allow the amendment at such a late stage in the case. Regardless, at the time the action was brought, the court concludes that Plaintiffs were motivated by nothing more than a desire to protect their rights from what they perceived as Defendants' wrongful copying of their copyrighted works. This conclusion counsels against the court awarding any attorneys' fees.

### 2. Objective Unreasonableness of Positions

Second, the court may consider the objective unreasonableness of the parties' contentions in the action. *Jacob Maxwell, Inc.,* 110 F.3d at 754. Plaintiffs argue that the court should not grant Defendants any attorneys' fees because their position was not objectively unreasonable. In particular, Plaintiffs argue that the undisputed facts reveal that Plaintiff Brewer–Giorgio cooperated with Defendants to write the scripts for the first and second shows and that Defendants' efforts to obtain her permission prior to airing "The Elvis Conspiracy" implicitly illustrates her rights in the show. Defendants essentially argue that Plaintiffs' claim was objectively unreasonable because the court found no substantial similarity between "The Elvis Conspiracy" show and the copyrighted books and granted summary judgment in their favor.

Based on the undisputed facts of this case, it is clear that Defendants benefitted from Plaintiffs' ideas in developing and broadcasting their television show "The Elvis Conspiracy." Pursuant to a contractual relationship, Plaintiff Gail Brewer–Georgio participated in the creation of the script for the first show, "The Elvis Files." She also worked on a draft script for the second television show. However, the parties had a dispute prior to its completion, and Plaintiffs refused to grant their permission for the show to be finished and broadcast on television. Over Plaintiffs'

objections, Defendants finished the show on their own and broadcast it. Under the circumstances of the case, it is clear that Defendants had access to Plaintiffs' copyrighted works in developing the show.

The central inquiry in Plaintiffs' case, therefore, was whether the show, as eventually completed and broadcast, impermissibly copied from Plaintiffs' copyrighted books. At the time that Plaintiffs filed the action, the court believes that it was clearly reasonable for Plaintiffs to think that Defendants' conduct may have violated the Copyright Act by copying from Plaintiffs' original books. *See Garnier v. Andin Intern., Inc.,* 884 F.Supp. 58, 62 (D.R.I.1995) (recognizing that time to consider reasonableness of plaintiff's position is at time of initiation of litigation). As a result, the vast amount of discovery conducted in this case was necessary to explore fully the similarity of the relevant works to see if protected elements had indeed been appropriated from the books. By the time that this court entertained Defendants' motion for summary judgment, the facts revealed that the show was not "substantially similar" to Plaintiffs' copyrighted books. (Order of September 27, 1996). Instead, the court found that the similarities between the works involved only non-copyrightable ideas and facts. (*Id.*). However, although Defendants prevailed on their motion for summary judgment, after reviewing the entire record the court cannot say that Plaintiffs' complaint and arguments were objectively unreasonable at the time that the action was filed. In addition, after examining the evidence in the record, the court believes that Plaintiffs' claim that Defendant Guzman was personally involved in the alleged infringing activity was also objectively reasonable.

This finding that Plaintiffs' position was neither frivolous nor objectively unreasonable counsels against the awarding of attorneys' fees. *See Creations Unlimited, Inc. v. McCain,* 889 F.Supp. 952, 954 (S.D.Miss. 1995) (granting summary judgment and denying fees to prevailing defendant where plaintiffs' ultimately unsuccessful position had not been frivolous or objectively unreasonable), *aff'd,* 112 F.3d 814 (5th Cir.1997);

*CK Co. v. Burger King Corp.*, 1995 WL 29488, 34 U.S.P.Q.2d 1319 (S.D.N.Y.1995) (although defendant was granted summary judgment on copyright claim because plaintiff could not show substantial similarity of protected elements, court declined to award fees because plaintiff's claims were not objectively unreasonable).

### 3. *The Need to Advance Consideration of Compensation and Deterrence*

Third, the court may consider the need to compensate and deter parties in the particular circumstances of the case. *Jacob Maxwell, Inc.*, 110 F.3d at 754.

In this case, the court finds, as discussed *supra*, that Plaintiffs could have reasonably believed that Defendants' use and presentation of their ideas in "The Elvis Conspiracy" show was infringing conduct. Although Defendants prevailed on a motion for summary judgment, the court does not believe that this action is a frivolous one that would require an award of fees to deter the filing of future frivolous claims. In fact, the court believes that parties in Plaintiffs' position should not be discouraged from seeking protection of their rights in court under the Copyright Act. *See Kebodeaux v. Schwegmann Giant Super Markets, Inc.*, 1994 WL 507421, 33 U.S.P.Q.2d 1223, 1224 (E.D.La.1994) (it would be inconsistent with purposes of copyright act to "deter plaintiffs ... from bringing suits when they have reason to believe, in good faith, that their copyrights have been infringed."). Indeed, such claims serve to further the purposes of the Copyright Act by deterring future infringement. *See Fogerty*, 510 U.S. at 525–28, 114 S.Ct. at 1028–30 (discussing purposes of Copyright Act).

The court recognizes, however, that a prevailing defendant's successful defense against a copyright claim helps to establish the boundaries of infringement and further the purpose of "enriching the general public through access to creative works." *Fogerty*, 510 U.S. at 527, 114 S.Ct. at 1030. As a result, Defendants have an interest in being compensated for their successful defense of this action.

After careful consideration of the need to deter and compensate in light of the nature of this case, the court finds that the circumstances balance each other out in favor of each party bearing its own attorneys' fees. In that way, the court will deter neither the bringing of good faith claims nor the presentation and litigation of successful defenses.

### 4. *Final Balancing*

In final consideration of all of the relevant factors, the court in the exercise of its discretion declines to award attorneys' fees to Defendants. Plaintiffs' claim was not frivolous or objectively unreasonable, there is no indication that Plaintiffs pursued the action in bad faith, and the circumstances of this case do not call for an award of fees for deterrence purposes. In addition, the underlying facts of this case strongly suggest to the court that Defendants did not have entirely clean hands in preparing and broadcasting "The Elvis Conspiracy." Where a party clearly profits from an artist's ideas in a manner suggesting bad faith, the court believes that the artist should not be deterred from pursuing good faith, reasonable, non-frivolous claims to protect their ownership interest in an original work. *See Sherry*, 822 F.2d at 1034 ("fact that a losing party has acted in good faith or that his legal position had arguable merit will justify an exercise of a district court's discretion in deciding not to award attorney's fees."). Although the artist may not always prevail, such litigation furthers the purpose of deterring parties from engaging in infringing conduct.

Accordingly, for the foregoing reasons, Defendants' motions for attorneys fees are DENIED.

### C. *Plaintiffs' Objections to Defendants All American, WGNX, and Vinnedge's Bill of Costs*

█ Federal Rule of Civil Procedure 54(d) provides that "[e]xcept when express provision therefore is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Section 505 of the Copyright Act states that "[i]n any civil action under this title, the court in its discretion may allow the recovery

of full costs by or against any party other than the United States or an officer thereof." In this court's Judgment of October 1, 1996, the court awarded Defendants, as the prevailing party, their costs in the action.[4] However, a district court does not have unfettered discretion to reimburse a prevailing party, and must limit its award of costs to the list of items set forth in 28 U.S.C. § 1920 and other related statutes. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Allowable costs under 28 U.S.C. § 1920 include:

1) Fees of the clerk and marshal;

2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

5) Docket fees under section 1923 of this title;

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

On October 21, 1996 Defendants All American, WGNX, and Vinnedge filed a Bill of Costs seeking an award of costs in the amount of $4,021.23. This amount was itemized into $1,823.25 for court reporter fees, $841.40 for copies of papers necessarily obtained for use in the case, and $1,356.58 in other costs (computer legal research). The Clerk of Court taxed these costs against Plaintiffs on October 28, 1996. Plaintiffs have filed objections challenging the taxing of Defendants' costs for their photocopies and their legal research.

**4.** Plaintiffs have not objected to this court's award of costs in general, but instead have attacked specific aspects of Defendants' requested costs. The court notes that, unlike the traditional American Rule regarding attorneys' fees that each party should bear their own fees, the general principle in the Federal Rules is that the prevailing party should be awarded their costs. *See* Fed.R.Civ.P. 54(d). In this case, as discussed

### 1. Photocopies

In their objection to Defendants' Bill of Costs, Plaintiffs contend that Defendants have not shown that the copying fees they incurred were necessary to the case. Defendants have responded that the documents they copied were necessary and that they have offered sufficient evidence on that point. They also have refiled an itemized list of the nature of each of the documents they copied, the number of pages, and the costs of copying that was originally filed with their Bill of Costs. (Defendants' Response Brief. Exhibit A).

 Costs of photocopies "necessarily obtained for use in the case" can be taxed against a non-prevailing party under 28 U.S.C. § 1920(4). *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F.Supp. 906, 913 (M.D.Fla.1989), *aff'd*, 914 F.2d 267 (11th Cir.1990). In general, the prevailing party can recover the costs of making copies of documents, pleadings, discovery, and exhibits tendered to the opposing party or submitted to the court for consideration. *Fressell v. AT & T Tech., Inc.*, 103 F.R.D. 111, 115–16 (N.D.Ga.1984). Copies made solely for the convenience, preparation, research, or for the records of counsel are not recoverable. *Id.* In addition, extra copies of filed papers and pleadings and documents in the copying parties' possession are considered to be for the convenience of counsel only and are not taxable. *Id.* at 118; *American Key Corp. v. Cumberland Assoc.*, 102 F.R.D. 496, 499 (N.D.Ga.1984). The party seeking recovery of photocopying costs "must come forward with evidence showing the nature of the documents copied including how they were used or intended to be used in the case." *Corsair Asset Management, Inc. v. Moskovitz*, 142 F.R.D. 347, 352 (N.D.Ga.1992).

*supra* when the court was considering the need to deter or compensate, Defendants presented a meritorious defense and fully prevailed on the copyright claims. Although other factors weighed against awarding Defendants their attorneys' fees, the court believes that Defendants should be awarded their costs due to their successful defense.

Defendants have filed sufficient evidence for this court to conclude that the copied documents, which include pleadings served on Plaintiffs' exhibits submitted to the court, and documents produced to Plaintiffs and co-defendants, were all reasonably necessary for use in the case and were not made solely for the convenience of Defendants' counsel. As a result, the court concludes that Defendants are entitled to recover their full claim of $841.40 in copying costs.

### 2. Legal Research

■ Plaintiffs object to the $1,356.58 in legal research costs that Defendants seek to recover in their Bill of Costs on the grounds that such costs are not covered by 28 U.S.C. § 1920. Defendants respond that a district court in the Northern District of Georgia has awarded such costs and that, if the court does not wish to award them under section 1920, it should include them in its award for attorneys' fees.

Title 28, U.S.C. § 1920 limits the types of costs which a court may award to a prevailing party. *Crawford Fitting Co.,* 482 U.S. at 445, 107 S.Ct. at 2499. As this court and other courts have recognized before, the statute does not provide for the recovery of legal research costs. *See Corsair Asset Management, Inc.,* 142 F.R.D. at 353; *Fressell,* 103 F.R.D. at 113–15; *Friedlander v. Nims,* 583 F.Supp. 1087, 1089 (N.D.Ga.1984). Since the court has denied Defendants' request for attorneys' fees, the court need not decide whether these costs could be awarded as an aspect of such fees. Accordingly, Defendants' request for legal research costs in the amount of $1,356.58 is DENIED.

### 3. Other Costs

■ Plaintiffs have not objected to the $1,823.25 that Defendants seek for transcriptions of depositions necessarily obtained for use in the case. Since these costs are covered by section 1920, the court awards this amount to Defendants.

### D. Plaintiffs' Objections to Defendant Guzman's Bill of Costs

Defendant Guzman filed a Bill of Costs seeking $1,675.06 for copies of papers necessarily obtained for use in the case. The Clerk taxed these costs against Plaintiffs on November 5, 1996. Plaintiffs then objected to Defendant Guzman's Bill of Costs on the grounds that she had not shown that all the copies were necessary for the case. Plaintiffs and Defendant have since filed a stipulation that, if it is determined that Defendant Guzman is entitled to payment of costs by Plaintiffs, then Plaintiffs would pay one-half of the requested amount (a sum equal to $837.53).

Since Defendant Guzman is a prevailing party and this court's judgment awarded her costs, and because the costs of necessary photocopies are covered by section 1920, the court awards Defendant Guzman $837.53 in accordance with the stipulation.

## III. CONCLUSION

The Clerk of Court is DIRECTED to RE-OPEN this action as to Defendants PVI and Bergman. For the foregoing reasons, Plaintiffs' motion for default judgment as to Defendant PVI [115–2] is DENIED WITH LEAVE TO RENEW within thirty (30) days of receipt of this Order and Defendants' motions for attorneys' fees [111–1, 112–1] are DENIED.

In accordance with these conclusions, the Clerk of Court is DIRECTED TO VACATE its earlier taxation of costs and to tax costs in the amount of $2,664.65 against Plaintiffs in favor of Defendants All American, WGNX, and Vinnedge and to tax costs in the amount of $837.53 against Plaintiffs in favor of Defendant Guzman.